**Michael W. SMITH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9911–CR–786.

Court of Appeals of Indiana.

March 20, 2000.

Ann M. Sutton, Marion County Public Defender Agency, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Freeman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Michael Smith appeals his convictions for operating a vehicle while intoxicated, a Class A misdemeanor, and public intoxication, a Class B misdemeanor, following a bench trial. We affirm in part and reverse and remand in part.

### Issues

Smith raises two issues for our review, which we restate as:

1. Whether there is sufficient evidence to support his conviction for operating while intoxicated; and

2. Whether his convictions for both operating while intoxicated and public intoxication violate principles of double jeopardy under the Indiana Constitution.

### Facts and Procedural History

The facts most favorable to the convictions reveal that Corporal Stachel of the Beech Grove Police Department observed a vehicle driven by Smith traveling in excess of the speed limit, turning right at a red light without stopping, and making a wide turn which resulted in him crossing the center line of the road. Stachel activated his emergency lights and stopped Smith's vehicle. On approaching the vehicle, Stachel observed that Smith was the sole occupant of the vehicle. He also detected the odor of alcohol and noticed that Smith had bloodshot and watery eyes and slurred speech. Smith admitted to being on his way home from a bar where he had consumed "a few drinks." R. 22. Stachel then asked Smith to exit the vehicle to perform three field sobriety tests, all of which he failed. Stachel then transported Smith to the Beech Grove Police Department where a breathalyzer test was administered which showed that Smith had a blood alcohol content of .09% by weight.

Smith was charged with both operating while intoxicated as a Class A misdemeanor and public intoxication, a Class B misdemeanor. Smith was found guilty and sentenced on both counts. He now appeals.

### Discussion and Decision

#### I. Sufficiency of the Evidence

Smith contends that the State failed to present sufficient evidence that he committed the offense of operating while intoxicated.

##### A. Standard of Review

When reviewing a challenge to the sufficiency of the evidence, this court neither reweighs the evidence nor judges the credibility of the witnesses. *Sanders v. State*, 704 N.E.2d 119, 123 (Ind.1999). We consider only the evidence most favorable to the judgment, as well as all reasonable inferences to be drawn therefrom. *Id.* If the evidence and inferences provide substantial evidence of probative value to support the judgment, we must affirm. *Id.*

##### B. Proof at Trial

Specifically, Smith contends that the State failed to prove that he was impaired because "Smith made common driving errors" which "do not indicate an impaired driver." Brief of Appellant at 5, 7. Smith's argument is essentially a request that we reweigh the evidence, an invitation which we must decline. There was testimony that Smith was operating his vehicle in excess of the posted speed limit by as much as 27 miles per hour, failed to stop at

a red light before turning, and crossed the center line of the roadway. This testimony is sufficient to prove that Smith's manner of driving could have endangered any person on the roadway, contrary to Smith's assertions that these "everyday infractions" indicate only a person in a hurry. *See* Ind.Code § 9–13–2–86 ("intoxicated" means an "impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person.").

## II.  Double Jeopardy

Smith also contends that his convictions and sentence for both operating while intoxicated and public intoxication constitute double jeopardy under Indiana's "actual evidence test."

### A.  Standard of Review

 *Richardson v. State,* 717 N.E.2d 32 (Ind.1999), established an "actual evidence test" in addition to the "statutory elements test" for state constitutional double jeopardy claims. The "actual evidence test" looks to the actual evidence presented at trial and requires the defendant to "demonstrate a reasonable probability that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* at 53.

### B.  "Actual Evidence Test"

 Smith asserts that the "actual evidence test" set forth in *Richardson* precludes his convictions for both operating while intoxicated and public intoxication. The State concedes that Smith may be entitled to a limited remand for purposes of vacating the conviction and resulting sentence for public intoxication. We agree.

The evidence presented at trial establishes the following facts: on August 29, 1998, Smith was operating his motor vehicle on a public road in an impaired manner and was stopped for suspicion of operating his motor vehicle while intoxicated. The trial court necessarily used evidence that Smith operated his vehicle on a public road while intoxicated to establish the convictions for both operating while intoxicated and public intoxication. Smith has demonstrated a reasonable probability that the trial court used the same evidentiary facts to establish both offenses. The resulting violation of state constitutional double jeopardy principles requires that we vacate one of these two convictions. We therefore remand to the trial court with instructions to vacate the conviction and sentence for public intoxication.

### Conclusion

The State presented sufficient evidence to support his conviction for operating while intoxicated. However, the actual evidence used and principles of double jeopardy under the Indiana constitution prohibit convictions for both operating while intoxicated and public intoxication in this case, and we therefore remand to the trial court with instructions to vacate Smith's public intoxication conviction.

Affirmed in part and reversed and remanded with instructions in part.

BROOK, J., and NAJAM, J., concur.