James COX, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0201–CR–32.

Court of Appeals of Indiana.

Sept. 17, 2002.

Timothy J. Burns, Indianapolis, IN, Attorney for Appellant.

Steve Carter Attorney, General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

James Cox was convicted following a bench trial of domestic battery, a Class A misdemeanor. Cox appeals his·conviction. We affirm.

### Issues

Cox raises two issues for our review, which we restate as follows:

1. Whether the trial court properly admitted hearsay testimony under the excited utterance hearsay exception; and

2. Whether the State presented sufficient evidence to support his conviction.

*Facts and Procedural History* .

Deputy Sheriff Daniel Herrick responded to a radio dispatch of a reported battery on October 12, 2001. When he arrived at the scene, he observed Cox standing in front of an apartment building talking to another police officer. Deputy Herrick found Denise Hogan inside the apartment building a few minutes later. He noticed that she was crying and shaking and appeared to be very upset. He also noticed that she was talking very quickly and showed signs of a fresh injury. Hogan had a cut above her eye which was bleeding, her left eye was swollen and she was holding an ice pack to her eye. Additionally, she had marks on her neck that appeared to have been caused by someone grabbing her on her neck.

Hogan told Deputy Herrick how she sustained the injuries and that it was Cox who injured her. At trial, Deputy Herrick testified to the statements Hogan made to him. Cox objected, asserting that Herrick's testimony was hearsay. The State responded that the statements were being offered under the "excited utterance" exception. The trial court allowed the testimony.

Following the trial, the trial court found Cox guilty of domestic battery. This appeal ensued.

*Discussion and Decision*

I. Admission of Testimony

A. Standard of Review

 Our standard of review in this area is well settled. The admission of evidence is within the sound discretion of the trial court, and the decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Prewitt v. State*, 761 N.E.2d 862, 869 (Ind.Ct.App.2002). An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id.* In determining the admissibility of evidence, the reviewing court will only consider the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. *Id.*

B. Admission of Deputy Herrick's Testimony

 Hearsay is a statement made out-of-court that is offered into evidence to prove the fact or facts asserted in the statement itself. Ind. Evidence Rule 801(c); *Craig v. State*, 630 N.E.2d 207, 209 (Ind.1994). In the present case, the contested portions of Deputy Herrick's testimony constitute hearsay. Hogan made the statements out-of-court and Deputy Herrick repeated the statements at trial, for the purpose of proving the facts asserted in the out-of-court statements, namely that Cox struck and choked Hogan. Such hearsay is not admissible at trial unless it fits within some exception to the hearsay rule. *Craig*, 630 N.E.2d at 207.

Cox contends that the hearsay testimony of Deputy Herrick is inadmissible because it does not fit into any hearsay exception and because Hogan did not appear for trial. Alternatively, he contends that, if the testimony falls under the excited utterance exception, then the State failed to lay a proper foundation for the evidence. We disagree.

The excited utterance exception is found in Evidence Rule 803(2). The rule provides that:

The following are not excluded from the hearsay rule, even though the declarant is available as a witness.

* * *

(2) A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

For a hearsay statement to be admitted as an excited utterance under Evidence Rule 803(2), three elements must be shown: (1) a startling event occurs; (2) a statement is made by a declarant while under the stress of excitement caused by the event; and (3) the statement relates to the event. *Jenkins v. State,* 725 N.E.2d 66, 68 (Ind.2000). This is not a mechanical test; it turns on whether the statement was inherently reliable because the witness was under the stress of an event and unlikely to make deliberate falsifications. *Id.* Additionally, while the time period between the startling event and a subsequent statement is, of course, one factor to consider in determining whether the statement was an excited utterance, no precise length of time is required. *Simmons v. State,* 760 N.E.2d 1154, 1161 (Ind.Ct.App.2002).

Cox argues that Hogan's absence makes her statement inadmissible hearsay. However, the language of Rule 803 makes it clear that the exceptions listed are not excluded from the hearsay rule, "even though the declarant is available as a witness." Evid. R. 803. Therefore, Rule 803 lists exceptions which are not hearsay regardless of whether the declarant is available. The fact that Hogan did not appear for trial has no effect on Deputy Herrick's testimony. Hogan's statements to Deputy Herrick fit squarely within the excited utterance exception and were admissible at trial.

Cox also argues that the State failed to lay a proper foundation for the excited utterance exception. We disagree.

We have recently held that a victim's statement made to a police officer after a battery constituted an excited utterance. *Gordon v. State,* 743 N.E.2d 376, 378 (Ind. Ct.App.2001). In *Gordon,* a police officer was dispatched to an apartment complex where he found a woman who was shaking and had redness about her neck. The woman told the officer that her boyfriend had struck her. Because the woman did not testify at trial, Gordon argued that the police officer's testimony was inadmissible hearsay. This court examined the circumstances surrounding the statements made by the victim and held that it was reasonable to infer that the woman was upset because of a startling event and that the event was the physical altercation she described to the officer. *Id.*

As in *Gordon,* we find that Hogan's statements to Deputy Herrick satisfy the conditions for excited utterances. The record reflects that Hogan placed a 911 call at 2:21 a.m., that Deputy Herrick was dispatched to the scene at approximately 2:33 a.m., and that he arrived there within minutes of receiving the dispatch.[1] Deputy Herrick testified that Hogan was crying and shaking and appeared to be upset when he spoke with her. It is clear that Hogan was still upset by a startling event, which she had reported in the 911 call only minutes before; it is also reasonable to infer that the startling event that caused her visible distress was the physical altercation with Cox that she described to Deputy Herrick.

Cox also contends that the State failed to lay a proper foundation for the excited utterance exception because he asserts that Hogan was capable of thoughtful re-

---

1. Deputy Herrick was called in as backup for two officers already on the scene. The first two officers were dispatched at 2:24 a.m. and were on the scene by 2:30 a.m.

flection when she made the statements to Deputy Herrick. In support of this, Cox compares Hogan's voice on the 911 call with Deputy Herrick's testimony regarding Hogan's emotional state when he interviewed her. Specifically, Cox seems to be arguing that Deputy Herrick testified that Hogan was calm when he interviewed her. However, our review of the record reveals that Deputy Herrick testified that Hogan was upset and crying. The trial court did not abuse its discretion in finding that the State had laid a proper foundation through Deputy Herrick's testimony regarding Hogan's emotional state.

Additionally, Cox cites *Montgomery v. State*, 694 N.E.2d 1137 (Ind.1998), asserting that all circumstances must be considered when determining whether a hearsay statement can be admitted as an excited utterance.[2] In *Montgomery*, a police officer twice asked a gunshot victim who shot him. Both times, the victim merely stated that he needed to go home. After calming the man down, the officer asked again and the victim named Montgomery as the shooter. About one minute passed from the time of the officer's arrival at the scene to the time of the victim's statement. The man later died from the gunshot wound and the officer testified at trial regarding the victim's statement over Montgomery's hearsay objections.

Our supreme court examined the requirements for a statement to be considered an excited utterance and found the victim's statement met these requirements. *Id.* at 1140–41. The main question was whether the victim's statement met the requirements for an excited utterance because the victim was answering questions from the officer rather than making his own statements. *Id.* at 1141. The court noted that the officer did not suggest who the shooter was and there was no evidence that someone had coerced the victim to falsely name Montgomery. *Id.* Therefore, the court held that the hearsay testimony was properly admitted under the excited utterance exception.

We are presented with facts similar to *Montgomery* in the present case. Deputy Herrick was the first person at the scene to talk with Hogan. He asked her questions and she identified Cox as the person who had hit her. Cox has presented no evidence that Deputy Herrick suggested Cox's name to Hogan or that someone had coerced Hogan to Identify Cox as her assailant. Therefore, because Hogan's statements to Deputy Herrick satisfy the requirements for excited utterances and Cox has presented no evidence of coercion, the trial court did not abuse its discretion in admitting Deputy Herrick's testimony under the excited utterance hearsay exception.

## II. Sufficiency of the Evidence

### A. Standard of Review

Our standard of review for sufficiency claims is well settled. We will not reweigh the evidence or assess the credibility of witnesses. *Smith v. State*, 725 N.E.2d 160, 161 (Ind.Ct.App.2000). We consider only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom. *Alspach v. State*, 755 N.E.2d 209, 210 (Ind. Ct.App.2001), *trans. denied.* If a reasonable trier of fact could have found the defendant guilty based on the probative

---

**2.** Cox's brief is devoid of pinpoint cites to help us determine where, within a decision, support for his contentions may be found. We direct Cox to Indiana Appellate Rule 22(A), which states that citations to cases in briefs should follow the format put forth in the current edition of a Uniform System of Citation (Bluebook). We will not, on review, search through the authorities cited by a party in order to try to find legal support for its position. *Reed Sign Serv., Inc. v. Reid*, 755 N.E.2d 690, 695 n. 4 (Ind.Ct.App.2001), *trans.denied.*

evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Smith,* 725 N.E.2d at 161.

### B. Evidence of Domestic Battery

■ Cox next contends that there is insufficient evidence to sustain his domestic battery conviction. To convict Cox of this offense, the State was required to prove that he knowingly or intentionally touched Hogan, a person that he was living with as if she were his spouse, in a rude, insolent, or angry manner that resulted in bodily injury. Ind.Code § 35–42–2–1.3.

Cox seems to argue that because he testified that he did not strike Hogan out of anger and Hogan did not testify, the trial court erroneously convicted him. However, Deputy Herrick testified that Hogan had injuries to her face and neck when he arrived at the scene. Deputy Herrick also testified that Hogan told him that Cox struck her in the face and choked her. Additionally, Cox testified that he was angry at Hogan, that Hogan lived with him and that she was two months pregnant with his child at the time of the incident. This testimony is sufficient to support Cox's conviction. A reasonable trier of fact could have convicted Cox of domestic battery based on the probative evidence and reasonable inferences drawn therefrom.

### Conclusion

The trial court did not abuse its discretion in admitting Deputy Herrick's testimony under the excited utterance hearsay exception. Additionally, there was sufficient evidence to support Cox's conviction. Therefore, Cox's conviction is affirmed.

Affirmed.

RILEY, J., and MATTINGLY–MAY, J., concur.