**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 16 2012, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STERLING MITCHELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1108-CR-425 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
The Honorable John D. Kitch, Hearing Officer
Cause No. 02C01-1003-FD-93

**May 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Sterling Mitchell ("Mitchell") appeals his conviction for Operating a Vehicle While Intoxicated ("OWI"), as a Class D felony.[1] He presents a single issue for our review: whether his OWI conviction was supported by sufficient evidence.[2] We affirm.

**Facts and Procedural History**

On March 7, 2010, Fort Wayne Police Patrolman Richard Jennings ("Patrolman Jennings") observed a white Cadillac equipped with a wheelchair lift, later determined to be driven by Mitchell, heading northbound on Coliseum Boulevard. Patrolman Jennings made a radio inquiry about the car because he recalled that police were looking for a white Cadillac with a wheelchair lift. Patrolman Jennings began following the car and determined that it was traveling approximately 15 miles under the speed limit and drifting back and forth within its lane of travel. As the car exited the boulevard, two tires went off the ramp and then the car swerved back onto the ramp. Patrolman Jennings activated his emergency lights to initiate a traffic stop. The Cadillac swerved wide across two lanes, then sharply corrected before pulling to a stop at the curb.

Patrolman Jennings walked to the driver's side of the vehicle and asked Mitchell to produce his license and registration. Mitchell seemed confused and produced what appeared to be insurance documents from the visor. Mitchell's speech was slow and soft, his eyes

---

[1] Ind. Code §§ 9-30-5-2, -3.

[2] Mitchell was also convicted of Resisting Law Enforcement, a Class A misdemeanor, under Indiana Code Section 35-44-3-3, but does not challenge that conviction on appeal.

were droopy and at "half mast," and he smelled of alcohol. (Tr. 13.) Patrolman Jennings handed back the papers and explained that registration is often kept in the glove box, at which point the passenger produced the prior year registration from within the glove box.

While Patrolman Jennings was conducting his traffic stop, Officers Chris Hoffman ("Officer Hoffman") and Nicholas Lichtsinn ("Officer Lichtsinn") arrived at the scene. As Patrolman Jennings checked the registration, he asked Officer Hoffman to administer a Portable Breath Test ("PBT") on Mitchell. Officer Hoffman approached the driver's side of the Cadillac to administer the PBT to Mitchell while Officer Lichtsinn went to the passenger side.

Officer Hoffman requested that Mitchell roll down his window, but Mitchell only rolled down the window an inch or two. Officer Hoffman then observed Mitchell reach his right arm into his coat. Fearing for his safety, Officer Hoffman drew his firearm and repeatedly ordered Mitchell to show his hands. Hoffman opened the car door and placed his foot on Mitchell's arm in case Mitchell was reaching for a weapon. After a brief struggle, the officers sprayed Mitchell with pepper spray and handcuffed him.

Officer Hoffman assisted Mitchell to his feet and asked Mitchell to consent to a PBT. Mitchell refused the PBT so he was placed in the officers' car to be transported to Saint Joseph Hospital to attempt a blood draw. Officer Hoffman smelled alcohol on Mitchell while transporting him to the hospital in the squad car. No blood draw was conducted at the hospital because Mitchell refused, was uncooperative, bounced from side to side on the bed, and yelled profanities. Mitchell was then transported to jail.

3

On March 9, 2010, the State charged Mitchell with Count I, Operating While Intoxicated, as a Class D felony; Count II, Resisting Law Enforcement, as a Class A misdemeanor; and Count III, Possession of Paraphernalia, as a Class A misdemeanor. On September 2, 2010, an Information was filed alleging Mitchell to be a Habitual Controlled Substance Offender.[3]

Mitchell waived his right to jury trial and on May 17, 2011, a bifurcated bench trial was held. In the first part of the trial, Mitchell was found guilty on Count I, OWI; guilty on Count II, Resisting Law Enforcement, as a Class A misdemeanor; and not guilty on Count III, Possession of Paraphernalia. In the second part of the trial, Mitchell stipulated to prior convictions for OWI, as a Class D felony, and for Dealing in Cocaine or Narcotic Drug, as a Class B Felony. The trial court consequently found Mitchell guilty and entered judgment of OWI, as a Class D felony, and adjudicated him as a Habitual Controlled Substance Offender. Mitchell now appeals.

## Discussion and Decision

Mitchell argues that there was insufficient evidence introduced at trial to sustain his conviction of OWI. Our standard of review on a claim of insufficient evidence after a bench trial is well settled.

> This court will not reweigh the evidence or assess the credibility of witnesses. Cox v. State, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that

---

[3] The original Count I was bifurcated: Count I, Part I charged Mitchell with OWI under Indiana Code Section 9-30-5-2, and Count II, Part II alleged Mitchell had a previous conviction for OWI, which increased the current OWI to a Class D felony under Indiana Code Section 9-30-5-3.

can be drawn therefrom will be considered. <u>Id</u>. If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. <u>Id</u>. at 1028–29.

<u>Sargent v. State</u>, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

To convict Mitchell as charged, the State had to prove beyond a reasonable doubt that Mitchell operated a vehicle while he was intoxicated, and that he had a prior OWI conviction. <u>See</u> I.C. §§ 9-30-5-2(a), -3. "Intoxicated" means under the influence of alcohol, a controlled substance, a drug other than alcohol or a controlled substance, or a combination of substances "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." I.C. § 9-13-2-86.

> Proof of intoxication does not require proof of blood alcohol content; it is sufficient to show that the defendant was impaired. Evidence of impairment may include: "(1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; [and] (7) slurred speech."

<u>Gatewood v. State</u>, 921 N.E.2d 45, 48 (Ind. Ct. App. 2010) (<u>quoting</u> <u>Ballinger v. State</u>, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999)), <u>trans. denied</u>.

Here, Patrolman Jennings observed Mitchell was driving extremely slowly, weaving in and out of his lane of traffic, went partially off the ramp while exiting, and had to make a sharp correction after making an excessively wide turn as he pulled over to the curb. During his traffic stop, Patrolman Jennings noticed Mitchell had droopy, "half mast" eyes and slowed speech, smelled of alcohol, seemed confused, and had difficulty following the routine request for documents. (Tr. 13.) Officer Hoffman testified that Mitchell repeatedly

5

refused field PBT sobriety testing, and he smelled of alcohol when he was placed in the police vehicle.  Further, Officers Lichtsinn and Hoffman testified that when Mitchell was at the hospital, he was belligerent, used profanity, acted like a "maniac," and "acted completely out of his mind."  (Tr. 40, 58.)

Based on this evidence, we conclude that there was sufficient evidence such that the trial court could conclude beyond a reasonable doubt that Mitchell was operating a vehicle while intoxicated.

Affirmed.

BAKER, J., and DARDEN, J., concur.