**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 18 2013, 8:55 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARK VICKERY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A02-1209-CR-740 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
Cause No. 49G16-1206-CM-39081

**April 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Mark Vickery ("Vickery") was convicted, after a bench trial, of Domestic Battery, as a Class A misdemeanor.[1] He now appeals, raising for our review the single issue of whether there was sufficient evidence to sustain his conviction.

We affirm.

**Facts and Procedural History**

Vickery and his wife, Alma Vickery ("Alma"), were at home on June 8, 2012. At some point that morning, while Vickery was asleep, a friend of the couple invited Alma to go swimming. Alma accepted the invitation.

After Alma returned, she and her friend were talking on the living room sofa when Vickery came downstairs, agitated and yelling at Alma. Alma went to get a phone, but Vickery tried to force the phone from her hand and eventually pushed Alma down onto the sofa.

Vickery pinned Alma on the sofa for several minutes, holding her by her right arm. After Alma threatened to call the police, Vickery called the police instead, and Alma went out of the apartment to search for a phone Vickery had thrown outside during their argument.

Soon after this, Officer Brian Francony ("Officer Francony") arrived and encountered Alma outside the apartment. Officer Francony observed scratches on Alma's right arm, and saw that the skin appeared to have been pulled away from the scratches and that Alma's arm was red and swollen. After speaking with Vickery and observing that Vickery appeared to be

---

[1] Ind. Code § 35-42-2-1.3.

uninjured, Officer Francony called for an evidence technician to take photographs of Alma's injuries and arrested Vickery.

On June 8, 2012, the State charged Vickery with one count of Domestic Battery and one count of Battery, as a Class A misdemeanor.[2] A bench trial was conducted on August 6, 2012, at the conclusion of which the trial court found Vickery guilty of Domestic Battery. At the conclusion of a sentencing hearing on August 27, 2012, the trial court sentenced Vickery to 365 days imprisonment in the Marion County Jail, with seventy-four days of credit time and no time suspended to probation.

This appeal ensued.

**Discussion and Decision**

Vickery raises for our review the sole question of whether the State presented sufficient evidence to support his conviction for Domestic Battery. Our standard of review on a claim of insufficient evidence after a bench trial is well-settled.

> This court will not reweigh the evidence or assess the credibility of witnesses. Cox v. State, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. Id. If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. Id. at 1028-29.

Sargent v. State, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

The State charged Vickery with Domestic Battery, as a Class A misdemeanor. To convict Vickery of this offense, the State was required to prove beyond a reasonable doubt

---

[2] I.C. § 35-42-2-1.

3

that Vickery knowingly touched Alma, who was Vickery's wife at the time of the charged offense or prior to that date, in a rude, insolent, or angry manner that resulted in bodily injury—specifically, pain, scratches, or redness—to Alma. See I.C. § 35-42-2-1.3(a); App. at 15.

At trial, Alma testified that Vickery forcibly attempted to prevent her from using one or more telephones located in the home and, holding onto her arm, pinned her to a sofa for several minutes. Alma testified that her arm hurt from the pressure Vickery placed on her, that her shoulder was numb for several days afterward, that she had scratches and bruising or swelling on her arm, and that she went to the hospital to refill her pain pill prescription as a result of her use of the pills to treat her injuries.

Officer Francony testified that when he arrived, Alma appeared confused and nervous and was breathing heavily. He further testified that he saw the injuries on Alma's right arm, which appeared to be fresh, and called for an evidence technician to take photographs of the injuries. Photographs of the injuries were introduced into evidence without objection, Alma testified that the injuries depicted were those Vickery had inflicted, and Officer Francony testified that the injuries in the photographs were the ones he saw on Alma when he arrived in response to Vickery's police call.

Vickery did not advance a self-defense claim at trial; his testimony was that he never touched or harmed Alma in any respect. To the extent he now argues otherwise, insisting that at most he and Alma were mutual combatants, we decline to reweigh the trial court's assessment of the evidence.

4

We conclude there was sufficient evidence to support Vickery's conviction, and we therefore affirm the trial court's judgment.

Affirmed.

NAJAM, J., and BARNES, J., concur.