**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW ALBERT GRAOVAC, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  29A02-1208-CR-652 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
The Honorable William P. Greenaway, Magistrate
Cause No. 29D04-1106-CM-8600

**July 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Andrew Albert Graovac ("Graovac") was convicted after a bench trial of Resisting Law Enforcement, as a Class A misdemeanor.[1] He now appeals his conviction, raising for our consideration two issues that we consolidate into one, namely, whether there was sufficient evidence to sustain the conviction.

We affirm.

**Facts and Procedural History**

In the early morning hours of May 29, 2011, Graovac and a friend were observed entering a partially-built house in a construction area in Fishers. Police were dispatched to the scene, including Fishers Police Lieutenant David Steward ("Lieutenant Steward") and Officer Anthony David ("Officer David"). Officer David was accompanied by a K9 unit trained in drug detection and tracking persons.

Lieutenant Steward, Officer David, and another officer were approached by Graovac's friend, who said she was looking for a lost dog. Disbelieving the story, Lieutenant Steward proceeded to the rear of the partially-built home, and Officer David and his K9 unit approached the still-open front door. Officer David made three announcements of his presence and intent to permit the K9 unit to enter the building, warning that the dog might bite during any apprehension. After Officer David made these announcements, Lieutenant Steward heard crackling noises and tree branches breaking in a wooded area about fifty yards behind the house.

---

[1] Ind. Code § 35-44-3-3(a)(3) (repealed and recodified, pursuant to Public Law 126-2012 § 54, at I.C. § 35-44.1-3-1 (2012); we use the version of the statute in effect at the time of the instant offense).

Lieutenant Steward notified Officer David that he thought someone was fleeing the area. Officer David and his K9 unit exited the house through an open sliding glass door in the back of the building, and the three approached the wood line. Before entering the wood line, Officer David "screamed" that he was entering the woods with the K9 unit and that failure to surrender might result in a dog bite upon apprehension. (Tr. at 33.) The officers then followed the K9 unit through the woods to a creek, where they found a sneaker and footprints leading onto a nearby golf course.

After following the K9's trail through the golf course and into a residential area, Officer David heard Graovac, whom the K9 unit had just apprehended, say, "I give up." (Tr. at 14.) Lieutenant Steward arrived at the scene soon after this and arrested Graovac.

On June 7, 2011, the State charged Graovac with Resisting Law Enforcement, as a Class A misdemeanor. A bench trial was conducted on May 17, 2012, at the conclusion of which the trial court took the case under advisement.

On June 7, 2012, the trial court entered its written order finding Graovac guilty as charged. On July 18, 2012, the court sentenced Graovac to 365 days imprisonment, with the entirety of the sentence suspended to probation pending payment of court costs.

This appeal ensued.

**Discussion and Decision**

On appeal, Graovac challenges the sufficiency of the evidence supporting his conviction for Resisting Law Enforcement, as charged. Our standard of review in such cases is well settled:

3

> This court will not reweigh the evidence or assess the credibility of witnesses. Cox v. State, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. Id. If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. Id. at 1028-29.

Sargent v. State, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

To convict Graovac of Resisting Law Enforcement, as a Class A misdemeanor, as charged, the State was required to prove beyond a reasonable doubt that Graovac knowingly or intentionally fled from Officer David after Officer David audibly identified himself and ordered Graovac to stop. I.C. § 35-44-3-3(a)(3) (2011). Graovac argues that the evidence to support his conviction is insufficient on two bases. First, he insists that the evidence is insufficient to prove that he knowingly or intentionally fled from law enforcement; second, he argues that the evidence is insufficient to prove that he resisted law enforcement because he willingly surrendered to police.

We find neither argument persuasive.

Turning to Graovac's first contention, our review of the record reveals that Officer David testified at trial that when he arrived at the house's front door, he announced his presence three times and requested that anyone in the building reveal himself or risk being bitten by the K9 unit upon a search of the house. Lieutenant Steward testified that this announcement was loud enough that he could hear it clearly from his position at the rear of the home, and that it was only after the announcements were made that he heard what sounded like an individual plunging into the wooded area forty or fifty yards behind the

4

house. A reasonable fact-finder could conclude from this that Graovac, who admitted having been in the house at the time police arrived, heard Officer David's warnings and decided to flee rather than identify himself. Thus, we conclude there was sufficient evidence of Graovac's knowledge or intent to flee law enforcement.

We turn now to Graovac's second argument. To the extent Graovac rests his argument on a version of events whereby he willingly began to surrender to law enforcement upon first hearing Officer David's warnings, this version of events was not adopted by the trial court, and we thus decline Graovac's invitation to reweigh the evidence. Further, Graovac's eventual surrender to Officer David does not mean that his initial flight—which carried him around three-hundred yards from the house, through a wooded area, part of a golf course, and into a second residential development—did not amount to resisting law enforcement. This is particularly so in light of the trial court's conclusion—for which we have already held there was sufficient evidence—that Graovac heard Officer David's warning.

We therefore conclude that the State introduced sufficient evidence at trial to support the court's conclusion that Graovac resisted law enforcement by fleeing from police. We accordingly confirm Graovac's conviction.

Affirmed.

NAJAM, J., and BARNES, J., concur.