**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jan 15 2014, 6:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CALVIN MURPHY,                                )
                                             )
    Appellant-Defendant,                    )
                                             )
       vs.                                  )   No. 49A02-1304-CR-360
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.                     )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1206-CM-40413

**January 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Calvin Murphy ("Murphy") was convicted of Battery, as a Class A misdemeanor.[1]  He now appeals, raising one issue for our review:  whether the State adduced sufficient evidence to rebut his claim of self-defense.

We affirm.

**Facts and Procedural History**

On June 13, 2012, Murphy was working as the maintenance manager for a mobile home complex in Indianapolis.  James Richardson ("Richardson") was a resident in the complex.  At around 9:00 p.m. that evening, Murphy's son passed by Richardson's home and made a rude gesture toward Richardson; Richardson responded by telling the boy to watch his manners.

Soon afterward, Murphy walked toward Richardson's lot, and Richardson walked out toward the end of the lot, near the rear end of one of his cars.  Murphy grabbed Richardson and struck him in the face, causing Richardson to fall down and roll several times.  Richardson suffered injuries to his face, back, and stomach.

Richardson and Angel Encalado ("Encalado"), Murphy's girlfriend, both called police.  Officer Daniel Disney ("Officer Disney"), of the Indianapolis Metropolitan Police Department, responded to the scene, investigated the incident, spoke with Richardson and Murphy, and arrested Murphy on suspicion of Battery.

---

[1] Ind. Code § 35-42-2-1(a)(1).

On June 14, 2013, the State charged Murphy with Battery, as a Class A misdemeanor. On March 26, 2013, a bench trial was conducted, at the conclusion of which the court found Murphy guilty as charged and sentenced him to 365 days imprisonment, with all but two days suspended to probation.

This appeal followed.

**Discussion and Decision**

Murphy contends in this appeal that there was insufficient evidence to sustain his conviction because the State failed to rebut his claim of self-defense. Our standard of review in such cases is well-settled.

> This court will not reweigh the evidence or assess the credibility of witnesses. Cox v. State, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. Id. If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. Id. at 1028-29.

Sargent v. State, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

Murphy was charged with a single count of Battery, as a Class A misdemeanor. To convict Murphy, as charged, the State was required to prove beyond a reasonable doubt that he knowingly in a rude, insolent, or angry manner touched Richardson, and that this resulted in bodily injury to Richardson in the form of pain, swelling, bruising, or an abrasion. See I.C. § 35-42-2-1(a)(1), App'x at 17.

Murphy does not contend that the State failed to prove the elements of Battery, as charged. Rather, he contends that the State failed to rebut his claim of self-defense. "A valid

claim of self-defense is legal justification for an otherwise criminal act." Green v. State, 870

N.E.2d 560, 564 (Ind. Ct. App. 2007), vacated on trans., 878 N.E.2d 215 (Ind. 2007), trans.

vacated and opinion reinstated, 877 N.E.2d 467 (Ind. 2007). Our statutes define self-defense:

> A person is justified in using reasonable force against any other person to
> protect the person or a third person from what the person reasonably believes
> to be the imminent use of unlawful force. However, a person:
>
> (1) is justified in using deadly force; and
>
> (2) does not have a duty to retreat;
>
> if the person reasonably believes that that force is necessary to prevent serious
> bodily injury to the person or a third person or the commission of a forcible
> felony. No person in this state shall be placed in legal jeopardy of any kind
> whatsoever for protecting the person or a third person by reasonable means
> necessary.

I.C. § 35-41-3-2(c).

"When a defendant raises the claim of self-defense, he is required to show three facts:

1) he was in a place where he had a right to be; 2) he acted without fault; and 3) he had a

reasonable fear of death or great bodily harm." Wallace v. State, 725 N.E.2d 837, 840 (Ind.

2000). Once a defendant claims self-defense, to obtain a conviction the State must disprove

at least one of these three elements beyond a reasonable doubt. Hood v. State, 877 N.E.2d

492, 497 (Ind. Ct. App. 2007) (citing Wallace, 725 N.E.2d at 840), trans. denied. The State

may meet its burden by rebutting the defense directly, by affirmatively showing the defendant

did not act in self-defense, or by relying upon the sufficiency of the evidence in its case-in-

chief. Id. We use the same standard of review upon an appeal challenging the sufficiency of

4

the evidence to rebut a claim of self-defense as for any other sufficiency of the evidence claim.  Wallace, 725 N.E.2d at 840.

Here, the evidence favoring the judgment is that Richardson, in response to a rude gesture from Murphy's son, chided the boy.  Murphy then left his home and walked toward Richardson's home, and Richardson met Murphy near the end of the driveway.  Murphy told Richardson not to talk to his son as Richardson had, then grabbed Richardson by the neck and punched him in the face.  Richardson fell to the ground and rolled, and incurred injuries to his face, back, and stomach.

In advancing his claim of self-defense, Murphy testified, as did Encalado, that Richardson attempted to strike Murphy first, and that Murphy merely pushed Richardson away.  Yet there is no testimony that Murphy was in any fear of death or great bodily harm from Richardson, let alone that such fear was reasonable.  And the State introduced rebuttal testimony from Officer Disney indicating that Murphy never expressed fear of Richardson.

In light of this evidence, we cannot conclude that the State failed to carry its burden to rebut Murphy's claim of self-defense.  We therefore affirm the conviction.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.