## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2016, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandon Cunningham,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 21, 2016

Court of Appeals Case No.
49A02-1604-CR-892

Appeal from the Marion Superior
Court

The Honorable Allan Reid, Judge
Pro Tempore

Trial Court Cause No.
49G10-1409-CM-45342

**Bailey, Judge.**

# Case Summary

Brandon Cunningham ("Cunningham") was convicted after a bench trial of Disorderly Conduct, as a Class B misdemeanor.[1] He now appeals, challenging the sufficiency of the evidence to sustain his conviction.

We affirm.

# Facts and Procedural History

On September 26, 2014, Cunningham and several other individuals were at the Mosaic Lounge in Indianapolis. Members of the Indianapolis Metropolitan Police Department ("IMPD") had been dispatched to the bar after a report of a fight in progress.

IMPD Lieutenant Laurence Wheeler ("Lieutenant Wheeler") was among the officers who responded to the call. When Lieutenant Wheeler and other officers arrived at the bar, they yelled for people to stop fighting; everyone present other than Cunningham responded to police instructions. Cunningham, however, continued to attempt to fight with the bar employees who had ejected him along with other patrons. Police told Cunningham to stop fighting several more times, but he did not do so, and instead continued to

---

[1] Ind. Code § 35-45-1-3(a)(1).

attempt to run up to bouncers at the bar and scream at people. Cunningham was then arrested.

[5] On September 26, 2014, Cunningham was charged with Disorderly Conduct, as a Class B misdemeanor. A bench trial was conducted on March 21, 2016, at the conclusion of which the court took the case under advisement.

[6] On April 4, 2016, the court found Cunningham guilty as charged and entered a judgment of conviction against him. A sentencing hearing was conducted the same day, during which the trial court sentenced Cunningham to 180 days imprisonment, with two days executed and the remainder suspended to probation pending completion of thirty-two hours of community service.

[7] This appeal ensued.

## Discussion and Decision

[8] Cunningham's appeal challenges the sufficiency of the evidence underlying his conviction. Our standard of review in such cases is well-settled.

> This court will not reweigh the evidence or assess the credibility of witnesses. *Cox v. State*, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.* at 1028-29.

*Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

[9] Cunningham was convicted of Disorderly Conduct, as a Class B misdemeanor. To convict Cunningham of the offense as charged, the State was required to prove beyond a reasonable doubt that he recklessly, knowingly, or intentionally engaged in fighting or tumultuous conduct. I.C. § 35-45-1-3(a)(1); App'x at 14. Cunningham's challenge centers on whether there was sufficient evidence that he engaged in fighting or tumultuous conduct; proof of either one is sufficient, because the statute is written in the disjunctive. *See Davis v. State*, 819 N.E.2d 91, 100 (Ind. Ct. App. 2004) (observing that a statute written in the disjunctive as to a specific element of an offense required proof of only one type of conduct), *trans. denied*. Tumultuous conduct is "conduct that results in, or is likely to result in, serious bodily injury to a person or substantial damage to property." I.C. § 35-45-1-1.

[10] The Indiana Supreme Court addressed the question of sufficiency of the evidence of tumultuous conduct in *Bailey v. State*, 907 N.E.2d 1003 (Ind. 2009). In *Bailey*, the court affirmed a student's conviction for Disorderly Conduct where Bailey "threw down his drink and coat … 'throwing down the gauntlet,'" stepped toward a school dean, "clinched up his fists at his sides and let out a series of obscenities all within inches of Dean Knight's face." *Id.* at 1003 (quoting the trial court's findings of fact). Bailey backed away from the school's dean only upon seeing a police officer. *Id.* The *Bailey* court thus concluded that it was reasonable for the finder of fact to conclude that had police not intervened, "Bailey's conduct would have escalated" and "serious bodily injury was *likely* to result." *Id.* (emphasis in original).

[11]     Here, Lieutenant Wheeler testified that Cunningham was part of a crowd of people involved in a fight after being ejected from a bar. Lieutenant Wheeler further testified that when police arrived, everyone ceased aggressive conduct except for Cunningham, who persisted in attempting to fight the bar's bouncers and cursing and yelling threats even after police instructed him to stop several times. As in *Bailey*, it was reasonable for the trial court to infer that Cunningham's conduct would, if unchecked, likely have led to serious injury.

[12]     Cunningham suggests that his actions were intended to break up a fight and places emphasis on his testimony at trial rather than that of Lieutenant Wheeler. In other words, he would have us reweigh the evidence at trial. This we cannot do. *See Sargent*, 875 N.E.2d at 767. We accordingly affirm Cunningham's conviction.

[13]     Affirmed.

Najam, J., and May, J., concur.