# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2017, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Billie K. Hoots, *Appellant-Defendant,* | May 25, 2017 |
| v. | Court of Appeals Case No. 49A04-1611-CR-2539 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Clayton A. Graham, Judge |
| | Trial Court Cause No. 49G07-1609-CM-37942 |

**Bailey, Judge.**

# Case Summary

[1] Billie K. Hoots ("Hoots") appeals his conviction for Public Intoxication, as a Class B misdemeanor,[1] raising for our review the sole issue of whether there was sufficient evidence of intoxication to sustain the conviction.

[2] We affirm.

# Facts and Procedural History

[3] On September 26, 2016, at around 3 a.m., Megan Ridley ("Ridley") was leaving her job as an emergency department nurse at Eskenazi Hospital in Indianapolis. Earlier that night, Ridley had been the nurse who performed an initial check-in of Hoots into the emergency department at the hospital.

[4] As Ridley got into her car, she saw Hoots walking nearby in the parking lot, but lost sight of him. Soon thereafter, Ridley heard her car's rear driver-side door open, and saw Hoots standing outside her car. Frightened, Ridley accelerated her car and pulled away from the parking space.

[5] Ridley called Deputy Tony Matthews ("Deputy Matthews"), a member of the security force at Eskenazi Hospital. Deputy Matthews went to the location Ridley specified in her call and found Hoots standing in the parking lot.

---

[1] Ind. Code § 7.1-5-1-3(a)(4).

[6] Hoots did not alert to Deputy Matthews's approach until he tapped Hoots on the shoulder. Deputy Matthews asked Hoots to consent to a pat-down search, and Hoots agreed to the search. Deputy Matthews handcuffed Hoots and performed a search. Soon after this, other security officers arrived, including Deputy Zachary Dodson ("Deputy Dodson"), who issued *Miranda* advisements to Hoots. Hoots indicated that he understood his rights, and, in response to questions from the officers, stated that he had been a patient at the hospital but was discharged, and had consumed too much methamphetamine. Hoots was then arrested.

[7] On September 26, 2016, the State charged Hoots with Unauthorized Entry into a Vehicle and Public Intoxication, each as Class B misdemeanors.

[8] On November 3, 2016, a jury trial was conducted. Upon Hoots's motion, the trial court entered a directed verdict in Hoots's favor on the charge of Unauthorized Entry of a Motor Vehicle.[2] The jury subsequently found Hoots guilty of Public Intoxication. Hoots was sentenced to 180 days imprisonment, with ninety days suspended to probation.

[9] This appeal ensued.

---

[2] I.C. § 35-43-4-2.7(d).

# Discussion and Decision

[10] Hoots's sole contention on appeal is that there was insufficient evidence of intoxication to sustain his conviction. Our standard of review for such challenges is well settled:

> This court will not reweigh the evidence or assess the credibility of witnesses. *Cox v. State*, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.* at 1028–29.

*Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

[11] To convict Hoots of Public Intoxication, as charged, the State was required to prove beyond a reasonable doubt that Hoots was in a public place or place of public resort in a state of intoxication caused by Hoots's use of a controlled substance, namely, methamphetamine, and that Hoot's conduct was harassing, annoying, or alarming to Ridley. *See* I.C. § 7.1-5-1-3(a)(4); App'x Vol. 2 at 18. Hoots contends that there was insufficient evidence of his intoxication based upon the nature of the testimony offered by Deputies Matthews and Dodson. In the absence of appropriate testimony or other evidence establishing intoxication, Hoots argues, the only other evidence of his intoxication was his own nonjudicial post-*Miranda* admission of methamphetamine use, which was

insufficient evidence to sustain his conviction under the doctrine of *corpus delecti*.

[12] Concerning Deputies Matthews's and Dodson's testimonies as insufficient to sustain the conviction, Hoots argues that the record is "devoid of any evidence regarding Hoots's reflexes" or "impaired attention"; that there was no evidence that Hoots had "watery or bloodshot eyes," smelled of methamphetamine, or had failed a field sobriety test. (Appellant's Br. at 11.) However, it is sufficient that an officer testifies that it was his opinion "that, based upon his training and experience," a defendant was intoxicated. *Woodson v. State*, 966 N.E.2d 135, 142 (Ind. Ct. App. 2012). "The State need not present separate proof of impairment of action, impairment of thought, and loss of control of faculties to establish an individual's intoxication." *Id.* Rather, the defendant's condition is to be considered "as a whole," and impairment of any one of the foregoing abilities is sufficient to sustain a conviction. *Id.*

[13] Here, Deputy Matthews testified that when he encountered Hoots, Hoots "was just kind of standing there in almost a daze." (Tr. at 74.) Deputy Matthews acknowledged that Hoots was compliant with instructions and indicated that he understood his *Miranda* rights, but, when Deputy Matthews asked Hoots why he was in a parking lot instead of waiting at the Emergency Room entrance for his ride, Hoots stated that "he couldn't really remember." (Tr. at 77.) Deputy Matthews further testified on cross-examination that he had both training and experience in identifying intoxicated persons, that Hoots's "actions were out-of-sorts," and that Hoots "showed a level of impairment as well." (Tr. at 118.)

[14] Deputy Dodson offered similar testimony. He characterized Hoots's demeanor as "kind of scared, manic," and stated that "I could just tell from [Hoots's] behavior, from training and experience or other situations I've dealt with, I believed it was something to do with … some kind of amphetamine, how he was acting." (Tr. at 139.) Deputy Dodson further testified that Hoots "kept apologizing, saying he was sorry" and asking that they not arrest him "because he wouldn't see his son again." (Tr. at 140.)

[15] Hoots draws our attention to the lack of an expert-introduced list of signs of methamphetamine intoxication. Our case law already addresses the need for such specific information, and has held that it is not necessary. *See Woodson*, 966 N.E.2d at 142 (stating that a non-expert's training and experience is sufficient to establish evidence of intoxication). The testimony offered by Deputies Matthews and Dodson was thus sufficient to establish that Hoots was intoxicated.[3] Taken together with Hoots's post-*Miranda*-advisement statement that he had consumed methamphetamine, there was sufficient evidence to sustain the conviction.

[16] Affirmed.

Vaidik, C.J., and Robb, J., concur.

---

[3] Because we conclude there was evidence other than Hoots's own extrajudicial statement, the doctrine of *corpus delecti* is inapposite here.