## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2017, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Maddox Macy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 17, 2017

Court of Appeals Case No.
12A02-1703-CR-440

Appeal from the Clinton Circuit Court

The Honorable Bradley K. Mohler, Judge

Trial Court Cause No.
12C01-1606-F6-512

**Bailey, Judge.**

# Case Summary

Maddox Macy ("Macy") was convicted of Dissemination of Matter Harmful to Minors, as a Level 6 felony,[1] and Distribution or Exhibition of Obscene Matter, as a Class A misdemeanor.[2] She now appeals, raising for our review the sole issue of whether there was sufficient evidence to sustain her convictions.

We affirm.

# Facts and Procedural History

Sometime in late May or early June of 2016, in Frankfort, Ashley Anderson's ("Anderson") attention was drawn to several pornographic pictures that were visible in the window of the residence next door to her own. Macy and two of her children lived at that residence, and the window in which the pictures were placed faced the bedroom window of Anderson's children. The children's bedroom window was only a few feet from the window where the pictures were displayed.

Initially, Anderson tried to keep the curtains closed in her children's room, hoping that Macy would eventually take the pictures down. The photographs eventually exacerbated an ongoing conflict between Anderson and Macy, and Anderson called police on June 6, 2016. Frankfort Police Department Sergeant

---

[1] Ind. Code § 35-49-3-3(a)(2).

[2] I.C. § 35-49-3-1(2).

Mark Schilling ("Sergeant Schilling") was dispatched to respond to Anderson's complaint.

[5] When Sergeant Schilling arrived, he spoke with Anderson. From the sidewalk that ran in front of Macy's and Anderson's house, Sergeant Schilling could see the photographs in the window of Macy's house. As he got closer, Sergeant Schilling could see that the photographs were clearly of a pornographic nature, and decided to try to make contact with someone in Macy's home.

[6] Sergeant Schilling knocked on the door of Macy's home and encountered Macy's older daughter. The girl said that Macy had put the pictures there, and told Sergeant Schilling that he would have to speak with Macy. Sergeant Schilling waited at Macy's home and eventually contacted her. When Sergeant Schilling confronted Macy about the pictures, she told him that her attorney had said the pictures were permissible, that Sergeant Schilling should contact her attorney, and that she did not have time to speak with Sergeant Schilling that day. Macy then got in her car and drove away.

[7] While investigating at Macy's home, Sergeant Schilling had taken photographs of the images in Macy's windows and used these to obtain a search warrant. Sergeant Schilling and two other police officers went to Macy's home to execute the warrant. No one was home, and the officers forced the front door open, went inside, and took the photographs down from the windows and collected them as evidence.

[8] On June 6, 2016, the State charged Macy with Dissemination of Matter Harmful to Minors, as a Level 6 felony, and Distribution or Exhibition of Obscene Matter, as a Class A misdemeanor. Macy was arrested the next day.

[9] On February 6, 2017, a bench trial was conducted. At the conclusion of the trial, the court found Macy guilty as charged.

[10] On February 10, 2017, a sentencing hearing was conducted. The trial court entered judgments of conviction against Macy on both counts, and sentenced her to 365 days for each offense, with the sentences run concurrently and with all but two days suspended to probation.

[11] This appeal ensued.

# Discussion and Decision

[12] Macy's appeal challenges the sufficiency of the evidence supporting her convictions. Our standard of review in such cases is well settled.

> This court will not reweigh the evidence or assess the credibility of witnesses. *Cox v. State,* 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.* at 1028–29.

*Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007)

[13] Here, Macy was charged with Dissemination of Matter Harmful to Minors and Distribution or Exhibition of Obscene Matter. To convict Macy of Dissemination of Matter Harmful to Minors, as charged, the State was required to prove beyond a reasonable doubt that Macy knowingly or intentionally displayed matter that is harmful to minors, namely, images portraying male nudity or sexual conduct, in an area to which minors, namely, Anderson's children, had visual, auditory, or physical access, unless each minor was accompanied by the minor's parent or guardian. *See* I.C. § 35-49-3-3(a)(2); App'x Vol. II at 9. To convict Macy of Distribution or Exhibition of Obscene Matter, as charged, the State was required to prove that Macy knowingly or intentionally exhibited obscene matter to another person, namely, Anderson and her children. *See* I.C. § 35-49-3-1(2); App'x Vol. II at 10.

[14] Macy challenges the sufficiency of the evidence with respect to the scienter element of the charged offenses. For purposes of Indiana criminal law, a party engages in knowing conduct "if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). A party engages in intentional conduct "if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a).

[15] Our review of the record discloses the following evidence that supports the judgment. Anderson testified that several days before she contacted police, two of her children drew her attention to the pictures in Macy's window, which was only four or five feet from her children's bedroom window. Anderson testified she could see clearly the content of the pictures from her children's bedroom.

Sergeant Schilling, who responded to Anderson's report, testified that he could see the pictures from the sidewalk in front of Anderson's and Macy's homes. Sergeant Schilling further testified that when he tried to contact Macy, he initially encountered Macy's daughter, who told him that Macy had put the pictures up and that he would have to speak with Macy about them. When Sergeant Schilling finally spoke with Macy and told her, "I need to talk to you about the pictures in the window," Macy responded, "I don't have time" and "I talked to my attorney and he said they're fine." (Tr. at 19.) When Sergeant Schilling informed Macy that the prosecutor's office disagreed with that assessment, Macy told Sergeant Schilling to contact her attorney.

[16] In her brief before this Court, Macy does not dispute the nature of the pictures in her window. She disputes Sergeant Schilling's testimony, seeking to draw our attention to her and her children's testimony at trial, and suggesting that because her children often had guests, we should conclude that there was insufficient evidence of Macy's knowledge. We decline Macy's invitation to reweigh evidence, which this Court is not permitted to do. To the extent Macy argues that we should rely upon *Mediate v. State*, 498 N.E.2d 391 (Ind. 1986), we think that case is inapposite because it has no bearing upon Sergeant Schilling's testimony, which supports an inference that Macy was aware of the images in her windows before police were called, and chose not to take action about them. Anderson's and Sergeant Schilling's testimonies are sufficient to sustain the convictions.

Affirmed.

Baker, J., and Altice, J., concur.