**Martin SARGENT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0610–CR–856.**

Court of Appeals of Indiana.

Nov. 7, 2007.

Karen Celestino–Horseman, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Martin Sargent ("Sargent") appeals from his convictions after a bench trial of two counts of incest. Ind.Code § 35–46–1–3. We affirm.

Sargent raises three issues for our review. First, Sargent asks us to determine whether the trial court properly excluded impeaching evidence. Second, Sargent asks us to determine if the evidence is sufficient to support his convictions, specifically examining the trial court's credibility determination. Third, Sargent asks us to determine if he was correctly sentenced.

The facts most favorable to the convictions reveal that in November of 2005, T.S., who was sixteen years old at the time, was living with her father, Sargent, and her three younger brothers. T.S. was on "punishment" for not keeping her room clean. T.S. and Sargent had a history of communicating in writing. T.S. wrote a note to Sargent asking if she could do chores around the house in order to be taken off punishment. Sargent wrote that she was supposed to do the chores she had mentioned anyway, and suggested that she could do "what they had been talking about," a reference to a prior conversation they had about sex. T.S. again offered, in writing, to do chores. Sargent replied in writing, alluding again to the prior conversation about sex. Ultimately, T.S. agreed to watch a pornographic movie with Sargent. Sargent agreed to take her off punishment except for the rest of the weekend in exchange for doing so.

Sargent told T.S. to remove her clothing, which she did wrapping herself in a pink towel. T.S. then went into Sargent's bedroom and sat on his bed as he instructed. The younger brothers were asleep in their bedroom at the time. Sargent proceeded to play a pornographic movie, and told T.S. to remove the towel. Sargent then instructed T.S. on how to masturbate herself, and masturbated himself.

Sargent engaged in cunnilingus with T.S. and had her perform fellatio on him. Sargent then engaged in sexual intercourse with T.S. Ultimately, T.S. was allowed to leave her father's bedroom, after which she took a bath. Four days later, T.S. told her aunt what had happened. T.S. was removed from the home and was placed with a foster family.

On January 13, 2006, the State charged Sargent with two counts of Class C felony incest, and one count of Class D felony child seduction. Sargent waived his right to a jury trial and his bench trial was held on August 24, 2006. The trial court found Sargent guilty on all three counts, but did not enter judgment of conviction on the count of child seduction for double jeopardy reasons. Sargent was sentenced to concurrent six-year sentences on the two incest convictions. Sargent appeals from his convictions and sentence.

Sargent first argues that the trial court committed reversible error by excluding evidence that would have impeached T.S.'s credibility. More specifically, Sargent argues that he should have been allowed to present testimony from two witnesses, T.S.'s foster mother and foster sister, and a report generated by the Indiana Department of Child Services ("the 310 report"), regarding a subsequent molestation claim made by T.S.

■ The admission or exclusion of evidence is a matter within the trial court's discretion, and we will reverse only upon an abuse of that discretion. *Traylor v. State*, 817 N.E.2d 611, 615 (Ind.Ct.App. 2004). An abuse of that discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Moreover, a claim of error in the admission or exclusion of evidence will not prevail on appeal unless a substantial right of the party is affected. *Oldham v. State*, 779 N.E.2d 1162, 1170 (Ind.Ct.App.2002). A trial court ruling excluding evidence may not be challenged on appeal unless a substantial right of the party is affected and the substance of the evidence was made known to the court by a proper offer of proof, or was apparent from the context within which questions were asked. *Lashbrook v. State*, 762 N.E.2d 756, 758 (Ind. 2002). In addition, appellate review of the exclusion of evidence is not limited to the grounds stated at trial, but rather the ruling will be upheld if supported by any valid basis. *Id.*

■ In the present case, the testimony of the two witnesses, and the information contained in the 310 report, was cumulative evidence. T.S. maintained at trial that she had been molested by her foster father. T.S.'s foster father was allowed to testify regarding that subsequent allegation of child molesting T.S. had made against him. He testified that the allegation was false, that he and T.S. were never alone together on the day in question, and that he continued to be a licensed foster parent.

The State had moved in limine to prevent Sargent from introducing this evidence at trial. Sargent argued that the evidence of the subsequent allegation went to the issue of T.S.'s credibility. The trial court denied the State's motion and allowed the foster father's testimony. The State had acknowledged that the allegation

made by T.S. against her foster father was found unsubstantiated and nothing further was done about the allegation. The State also acknowledged that T.S.'s treatment providers believed that the allegation against T.S.'s foster father was untrue. When Sargent moved to admit the 310 report, the State objected, and noted that it had already been established that nothing came from the allegations.

The trial judge properly excluded the cumulative evidence regarding the subsequent unsubstantiated allegation. Indiana Rule of Evidence 403 allows the exclusion of relevant evidence based on considerations of undue delay or needless presentation of cumulative evidence. The trial judge stated that she did not want the present case to turn into a trial on the subsequent allegation. The trial judge noted that Sargent had already been allowed to impeach T.S. on that matter and did not need to present further testimony along those lines. The trial judge also noted the State's concessions regarding investigation of that allegation. The trial judge did not abuse her discretion by limiting the amount of impeaching evidence presented.

Sargent next argues that the evidence was insufficient to support his convictions. In particular, he claims that the trial court improperly evaluated the credibility of T.S. and Sargent by considering Sargent's demeanor during T.S.'s testimony.

■ Our standard of review for sufficiency claims is well settled. This court will not reweigh the evidence or assess the credibility of witnesses. *Cox v. State*, 774 N.E.2d 1025, 1028 (Ind.Ct.App.2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and rea-

sonable inferences drawn therefrom, then a conviction will be affirmed. *Id.* at 1028–29. A victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting. *Craun v. State*, 762 N.E.2d 230, 239 (Ind. Ct.App.2002).

■ In order to convict Sargent of two counts of incest, Class C felonies, the State was required to prove that Sargent, who was at least eighteen years of age, engaged in sexual intercourse or deviate sexual conduct with another person known by Sargent to be related to him as a child. *See* Ind.Code § 35–46–1–3(a).

The State presented sufficient evidence to establish that Sargent committed the crimes charged. T.S. and Sargent both testified that T.S. was Sargent's daughter. T.S. testified that Sargent performed oral sex on her by licking her vagina, and forced her to perform oral sex on him by putting her mouth on his penis and pushing her head up and down. T.S. testified that Sargent told her he was going to show her what it felt like to have a man inside her, pulled her to the edge of his bed, and inserted his penis into her vagina. The trial judge found that T.S. was a credible witness. Consequently, the evidence was sufficient to support Sargent's convictions.

Sargent makes the argument that the trial judge committed reversible error in arriving at her witness credibility determination by relying in part upon her observation that Sargent did not make eye contact with T.S. Sargent argues that the Sixth Amendment is implicated here.

■ Sargent's argument appears to be based upon the Fifth Amendment. However, the trial judge's comments do not lead to the conclusion that Fifth Amendment protections were violated. Sargent was not compelled by the State to make eye contact, or refrain from making

**768** ■

eye contact, with T.S. Further, the Fifth Amendment prohibits compulsion of statements or actions by a defendant that constitute communications, or are testimonial in nature. In order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. *Smith v. State,* 829 N.E.2d 64, 75 (Ind.Ct.App.2005). Non verbal conduct contains a testimonial component whenever the conduct reflects the actor's communication of his thoughts to another. *Id.*

■ In a trial before the bench, the court is responsible for weighing the evidence and judging the credibility of witnesses as the trier of fact, and we shall not interfere with this function on appeal. *O'Neal v. State,* 716 N.E.2d 82, 87 (Ind.Ct. App.1999). Sargent's lack of eye contact was only one of the reasons listed when finding T.S. a credible witness. The trial judge also noted the extensive detail with which T.S. described the molestation, Sargent's own corroboration of certain details provided by T.S., and the "nonsensical"[1] explanation of the events offered by Sargent. The trial court did not err.

Sargent contends that the trial court improperly sentenced him. First, Sargent argues that his Sixth Amendment rights were impinged by the trial judge's use of his prior arrests and uncharged allegations of criminal conduct when sentencing Sargent. He claims that the use of those factors is improper under *Blakely.*[2]

■ Our supreme recently addressed the conflict between panels of this court regarding whether and to what extent trial judges are required to make sentencing statements explaining their sentencing decisions and whether any such statements must include findings of aggravating and mitigating circumstances in the wake of the legislative response to *Blakely* in Indiana. Also at issue was the scope and role of appellate review. In *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *transmitted on rehearing,* our supreme court determined that trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id.* If the recitation includes the finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.* Sentencing decisions are subject to review on appeal for an abuse of discretion. *Id.* One way in which a trial court may abuse its discretion is to fail to enter a sentencing statement at all. *Id.* Another, is to enter a sentencing statement that explains reasons for imposing a sentence and the record does not support the reasons, the statement omits reasons clearly supported by the record, or the reasons given are improper as a matter of law. *Id.* at 490–91.

■ In the present case, the trial court found as mitigating circumstances Sargent's prior military service and his work history. The trial court assigned low weight to those circumstances. The trial court found as aggravating circumstances prior acts of violence by Sargent against

1. Sargent, who testified at trial, stated that he would not allow T.S. to do chores while she was "on punishment," but allowed her to watch a pornographic movie, when she requested to do so. Sargent testified that he did

not watch the movie, but asked her if she had any questions about what she had seen.

2. *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

his children, including the acts documented in the case for which he was on probation, his beating of T.S. while she was naked, and the fact that Sargent was on probation at the time of the instant offense. The trial court found those aggravators to be significant and to outweigh the mitigating circumstances in the case. Therefore, the trial judge's sentencing statement includes a reasonable recitation of the reasons for imposing the sentence she did.

Where, as here, the trial court's reason for imposing sentence includes a finding of aggravating and mitigating circumstances, they must be supported by the record and consistent with what our courts have traditionally deemed as either aggravators or mitigators. *McDonald v. State*, 868 N.E.2d 1111, 1113–1114 (Ind. 2007). If the factors are not supported by the record or have been previously determined to be improper, then remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *Id.* at 1114.

Even one valid aggravating circumstance is sufficient to support an enhancement of a sentence. *Groves v. State*, 787 N.E.2d 401, 408 (Ind.Ct.App. 2003). When the sentencing court improperly applies an aggravating circumstance but other valid aggravating circumstances exist, a sentence enhancement may still be upheld. *Id.* Sargent did not challenge the trial judge's finding that Sargent was on probation at the time he committed the instant offense. This aggravator has traditionally been found to be valid and is enough to support a sentence enhancement. *Ryle v. State*, 819 N.E.2d 119, 121 (Ind.Ct.App.2004). Further, the aggravating circumstances challenged by Sargent have traditionally been considered as relevant to the defendant's character. *See Bacher v. State*, 722 N.E.2d 799, 804 (Ind. 2000); *Tunstill v. State*, 568 N.E.2d 539, 545 (Ind.1991). The trial court did not err.

Sargent's crimes occurred after the effective date of the amended sentencing statutes. *Blakely* concerns—that the facts relied upon by the court in imposing the sentence were admitted by a defendant, or found by a jury—do not apply here. Therefore, Sargent's attack along those lines is of no merit.

Sargent was convicted of two Class C felonies. Ind.Code § 35–50–2–6 provides that a person convicted of a Class C felony shall be imprisoned for a fixed term of between two years and up to eight years, with four years being the advisory sentence. Sargent received two six-year sentences to be served concurrently. Therefore, the sentence Sargent received is lawful. Once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then impose any sentence that is authorized by statute and permissible under the Constitution of the State of Indiana. *Anglemyer*, 868 N.E.2d at 491.

Sargent also argues that the sentence imposed is inappropriate in light of the nature of the offense and the character of the offender. Courts on review have the constitutional authority to revise a sentence if after due consideration of the trial court's decision the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B).

Sargent's only claim in support of this argument is that the trial judge failed to consider Sargent's mental health condition as a mitigating circumstance. The presentence investigation report indicates that Sargent was diagnosed as a schizophrenic.

Sargent acknowledges that the trial court recommended that Sargent receive mental health treatment while at the Department of Correction.

◼ The trial court is not required to find mitigating circumstances a defendant offers or to explain why it has chosen not to make such a finding, *Dwenger v. State*, 858 N.E.2d 256, 256 (Ind.Ct.App.2006), but the failure of a trial court to find mitigating circumstances clearly supported by the record might suggest they were overlooked and hence not properly considered.

◼ First, Sargent did not argue to the trial court that his mental health condition should be considered as a mitigating circumstance. Therefore, this challenge should be waived. If the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the circumstance is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal. *Simms v. State*, 791 N.E.2d 225, 233 (Ind.Ct.App.2003).

Here, Sargent's aggregate six-year sentence for two Class C felonies is not inappropriate in light of the nature of the offense and the character of the offender. Sargent misused his daughter's desire to "get off punishment" by forcing her to engage in unwanted sexual activity with him. Sargent abused and manipulated T.S.'s trust by telling her he loved her and by getting her to say that she loved him and would not do anything to hurt him. Sargent forced her to watch pornographic material while naked with him, required her to masturbate in front of him while he masturbated in front of her, performed oral sex on her and had her perform oral sex on him. Sargent then engaged in sexual intercourse with her.

Sargent had a prior battery conviction involving whipping his eight-year-old son with a belt fifteen to twenty times. Sargent was on probation for that offense at the time that he committed this offense. Sargent also was arrested twice and twice-charged with battery on his then-wife.

Sargent's sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

RILEY, J., and NAJAM, J., concur.