**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**T. MICHAEL CARTER**
Scottsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 20 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL B. BUCKNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 36A05-1203-CR-166 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JACKSON CIRCUIT COURT
The Honorable William E. Vance, Judge
Cause No. 36C01-1103-FC-13

**December 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Michael B. Buckner (Buckner), appeals his sentence for two Counts of incest, Class C felonies, Ind. Code § 35-46-1-3.

We affirm.

## ISSUE

Buckner raises one issue on appeal, which we restate as: Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## FACTS AND PROCEDURAL HISTORY

In 2009, Buckner's sixteen-year-old biological daughter, G.E., moved in with Buckner, who was then approximately thirty-four years old. G.E. had been having problems at school, including substance abuse, and moved from her mother's home in Michigan to Buckner's home in Scott County, Indiana. In February 2010, Buckner and G.E. began a sexual relationship. This relationship produced a child, M.E., who is simultaneously Buckner's daughter and granddaughter.

Buckner had sex with G.E. two times thereafter, including an incident involving another minor, J.M. On February 4, 2011, J.M., a seventeen-year-old friend of G.E.'s, stayed overnight at Buckner's home. Buckner sent a text message to G.E. that he wanted to have sex with both girls. On February 5, 2011, Buckner arrived home at three in the morning and began having sex with G.E. J.M. was lying on the same bed and Buckner attempted to have sex with her but was rebuked. J.M. reported the incident to the police

2

later that day. On February 23, 2011, police interviewed Buckner who confessed to having sex with G.E. on three occasions, including February 5, 2011.

On March 4, 2011, the State filed an Information charging Buckner with three Counts of incest, Class C felonies, I.C. § 35-46-1-3(a). On February 16, 2012, Buckner entered into a plea agreement with the State in which he agreed to plead guilty to Counts I and II in exchange for the State's dismissal of Count III. The plea agreement left Buckner's sentence to the trial court's discretion.

On March 16, 2012, the trial court conducted a sentencing hearing. In his testimony, Buckner was unable to provide a reason why he had sex with G.E. but cited his alcohol abuse and possible post-traumatic stress syndrome as issues. He requested a reduced sentence and probation to allow him to receive counseling. The trial court instead sentenced Buckner to five years on each Count, with the sentences to be served consecutively at the Department of Correction, for an aggregate sentence of ten years.

Buckner now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Buckner argues that his ten-year executed sentence is inappropriate in light of the nature of the offense and the character of the offender. Pursuant to Ind. Appellate Rule 7(B), courts on review have the constitutional authority to revise a sentence if after due consideration of the trial court's decision the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Sargent v. State*, 875 N.E.2d 762, 769 (Ind. Ct. App. 2007). We defer to the trial court's sentencing

3

decision, both because App. Rule 7(B) requires us to give due consideration to that decision, and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Buckner has not met this burden.

Buckner pled guilty to two Class C felonies. I.C. § 35-50-2-6 provides that a Class C felony carries a sentence of between two and eight years, with an advisory sentence of four years. Here, Buckner received a five year sentence on each Count. Thus, he received slightly more than the advisory sentence for each offense.

With respect to the nature of the offense, we look to the details and circumstances of the commission of the offense and the defendant's participation. *See Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Buckner admitted to engaging in sexual intercourse on three occasions with his teenage biological daughter, one of which resulted in the birth of Buckner's daughter/granddaughter. Buckner was apprehended for his crimes only after J.M. notified the police following his unsuccessful attempt to have sex with her.

Turning to the character of the offender, Buckner offers his cooperation with the police, his confession, guilty plea, and remorse expressed at the sentencing hearing. He claims that his sentence is inappropriate because the trial court did not "provide for a significant period of probation" to allow him to address his alcohol abuse, post-traumatic

4

stress syndrome, and the precarious psychological situation created by his sexual relationship with his daughter. (Appellant's Br. p. 7). Against this, we note Buckner's prior criminal record involving five alcohol-related offenses, his refusal to seek treatment offered to him in the past, the respective ages of G.E. and Buckner, as well as the circumstances of his crimes.

Although mindful of his military service record, we cannot ignore that Buckner's actions establish his complete disregard for the lives and well-being of members of his own family and others. We note that Buckner testified that he did not seek treatment for post-traumatic stress syndrome because "as a leader" he could not leave his soldiers. (Sentencing Transcript p. 26). Yet, his behavior toward his own daughter was predatory, opportunistic, and a fundamental breach of trust of those whom he was to protect – conduct that is far-removed from anything involving leadership. To the extent that Buckner claims treatment options for him are better outside of prison, he has presented no evidence that this is the case. In sum, Buckner's tragic and selfish acts have resulted in harm and lifelong stigma to not only his own daughter but also to their child. We cannot say that Buckner's sentence is inappropriate in light of his character.

CONCLUSION

Based on the foregoing, we conclude that Buckner's sentence is appropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BAKER, J. and BARNES, J. concur