**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MIGUEL PEREZ,                        )
                                     )
    Appellant-Defendant,             )
                                     )
        vs.                      )     No. 49A02-1304-CR-288
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49F09-0307-FD-118547

**October 17, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Miguel Perez (Perez), appeals his conviction for identity deception, a Class D felony, Ind. Code § 35-43-5-3.5.

We affirm.

## ISSUE

Perez raises one issue on appeal, which we restate as: Whether the State provided evidence beyond a reasonable doubt to sustain his conviction for identity deception.

## FACTS AND PROCEDURAL HISTORY

On July 17, 2003, Tonya Groves (Groves) drove her vehicle in heavy traffic on I-465 in Indianapolis when the brake lights of the car in front of her were activated. As Groves applied her brakes, her vehicle was struck from behind by a white Hyundai Sonata driven by Perez. Groves pulled her vehicle out of traffic. Groves asked Perez for his driver's license and registration. Perez asked Groves not to call the police but asked to use her cell phone. Groves called 911.

Indiana State Police Trooper William Dalton (Trooper Dalton) arrived to investigate. As part of his duties, Trooper Dalton conducts crash investigations and collects identification information as part of the process. He asked both Groves and Perez for their driver's licenses, registration, and proof of insurance. Perez provided Trooper Dalton with identification written in Spanish, which was later determined to be a chauffeur driver's license from Mexico. Trooper Dalton could not read Spanish and asked Perez for other identification. Perez "just opened his wallet like this to show what he had inside his

2

wallet," and Trooper Dalton saw a social security card. (Transcript pp. 23-24). Trooper Dalton examined the card and thought the printing on the back of the card was crooked. Trooper Dalton returned to his vehicle and performed a driver's license verification using the social security number listed on the card. The name returned was that of Deborah Nice (Nice), who possessed a valid Indiana driver's license. No additional information was found for Perez. Trooper Dalton completed his crash investigation report and placed Perez under arrest. Subsequently, Trooper Dalton contacted Nice, who confirmed that the social security number on the card in Perez's possession was hers.

On July 25, 2003, the State filed an Information charging Perez with Count I, identity deception, a Class D felony, Ind. Code § 35-43-5-3.5; and Count II, operating having never received a license, a Class A misdemeanor, I.C. § 9-24-18-1. On January 20, 2004, a bench trial was held and Perez was found guilty of all charges. On March 2, 2004, Perez failed to appear for his sentencing hearing and a warrant was issued, which remained outstanding until December 2012. On March 2, 2013, the trial court sentenced Perez to 442 days on Count I and 60 days on Count II, with the sentences to run concurrently.

Perez now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Perez contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his conviction for identity deception.[1] In reviewing a

---

[1] Perez does not challenge his conviction for operating a vehicle while never having received a license.

3

sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.* Regarding circumstantial evidence, such evidence need not overcome every reasonable hypothesis of innocence. *Clemons v. State*, 987 N.E.2d 92, 95 (Ind. Ct. App. 2012). Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.*

Perez's offense took place in 2003. The State correctly notes that the statute in place at the time of an alleged criminal act controls the prosecution of an offense and the punishment therefor. *Collins v. State*, 911 N.E.2d 700, 708 (Ind. Ct. App. 2009), *trans. denied*. Indiana Code § 35-43-5-3.5, at the time Perez committed the offense, provided in pertinent part:

> (a) […] a person who knowingly or intentionally obtains, possesses, transfers, or uses the identifying information of another person:
>
> (1) without the other person's consent; and
>
> (2) with intent to:
>
>> (A) harm or defraud another person;
>> (B) assume another person's identity; or
>> (C) profess to be another person;
>
> commits identity deception, a Class D felony.

(c) It is not a defense in a prosecution under subsection (a) that no person was harmed or defrauded.

I.C. § 35-43-5-3.5(a) (West Supp. 2003).

The evidence most favorable to the judgment reveals that Perez testified that he obtained the social security card through friends and believed that he needed it to obtain work. Indiana law specifies that a social security number constitutes identifying information. *See* I.C. § 35-43-5-1(h)(1) (West Supp. 2003). Perez's social security card had Nice's social security number printed on it. Nice testified at trial that she did not know Perez, nor gave him permission to use her social security number.

Perez argues that the State did not prove beyond a reasonable doubt that Perez intended to harm or defraud Trooper Dalton or the Indiana State Police in their traffic accident investigation. Specifically, he contends that he did not pretend to be someone else, did not actually give his social security card to or use it to mislead Trooper Dalton or the Indiana State Police, and that mere possession of a social security card bearing someone else's social security number is insufficient to show an intent to defraud. The State argues that the "totality of circumstances" demonstrate Perez's intent to defraud. (Appellee's Br. p. 7).

Both parties direct us to *Bocanegra v. State*, 969 N.E.2d 1026 (Ind. Ct. App. 2012), *trans. denied*, where this court explained intent to defraud in the context of forgery:

> An intent to defraud involves an intent to deceive and thereby work a reliance and an injury. There must be a potential benefit to the maker or potential injury to the defrauded party. Because intent is a mental state, the fact-finder often must resort to the reasonable inferences based upon an examination of

5

the surrounding circumstances to determine whether—from the person's conduct and the natural consequences therefrom—there is a showing or inference of the requisite criminal intent.

*Id*. at 1030 (internal quotation marks and citations omitted).

Trooper Dalton testified that investigating automobile accidents is one of his duties and the collection of personal information is required for that task. By providing Trooper Dalton with identifying information for another person, Perez conceivably could have benefitted by passing off the social security number of Nice, who possessed a valid driver's license, as his own. Moreover, it cannot be seriously disputed that the Indiana State Police's duties include accident investigation, which was obstructed by Perez supplying false information. *See Thornton v. State*, 636 N.E.2d 140, 142-42 (Ind. Ct. App. 1994), *trans. denied*. Thus, a reasonable trier of fact could have found that Perez provided false identification to Trooper Dalton knowing that he would use and rely upon the social security number to identify Perez.

Perez argues that he did not hand the social security card over to Trooper Dalton. Rather, he testified that he denied possessing additional identification when asked and only opened his wallet up after Trooper Dalton requested him to do so. Trooper Dalton testified that after he requested Perez to provide additional information, Perez opened his wallet up and displayed its contents, which included the social security card. Perez's argument is a request to reweigh the evidence and determine the credibility of witnesses, which we will not do. *See Sargent*, 875 N.E.2d at 767.

6

Finally, Perez argues that the trial court improperly found that Perez intended to defraud the United States Government rather than Trooper Dalton or the Indiana State Police. Following its verdict, the trial court commented that Perez's actions constituted fraud upon the United States Government, but also stated that Perez "obtained and possessed a social security number that clearly did not belong to him and used that […] the very fact that he had this identification was in all, for all purposes, an intent to defraud." (Tr. p. 36). However, "the focus of our inquiry is not upon the remarks the trial court makes in a bench trial after having reached the conclusion that a defendant is guilty. Rather the question is whether the evidence presented to the trial court as fact-finder was sufficient to sustain the conviction." *Dozier v. State*, 709 N.E.2d 27, 30 (Ind. 1999). Here, the State presented sufficient evidence to sustain Perez's conviction for identity deception.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to sustain Perez's conviction for identity deception.

Affirmed.

ROBB, C. J. and KIRSCH, J. concur