## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 12 2016, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cynthia P. Helfrich
Helfrich & Harrell, LLC
Avon, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Harrison Lime,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 12, 2016

Court of Appeals Case No.
32A01-1506-CR-595

Appeal from the Hendricks
Superior Court 1

The Honorable Robert W. Freese

Trial Court Cause No.
32D01-1310-FD-1111

**Bailey, Judge.**

# Case Summary

[1] Harrison Lime ("Lime") was convicted of Domestic Battery, as a Class D felony,[1] and Criminal Mischief, as a Class B misdemeanor.[2] He challenges the sufficiency of the evidence to support his conviction for Domestic Battery. We affirm.

# Facts and Procedural History

[2] On October 14, 2013, Lime and Brittany Brooks ("Brooks") were at their Plainfield home with their two-year-old son when they began to argue. During the argument, Lime put his hands on Brooks's neck, causing her to gasp for air. Lime stopped and "ran off." (Tr. at 18.)

[3] Brooks summoned police. The officers found her crying, hysterical, and rubbing her neck. Red marks of approximately two inches were visible on either side of her neck.

[4] On April 14, 2015, at the conclusion of a bench trial, Brooks was found guilty of Domestic Battery and Criminal Mischief. He received an aggregate sentence of 545 days, with 543 days suspended to probation. This appeal ensued.

---

[1] Ind. Code § 35-31.5-2-29. The offense is now a Level 6 felony; we refer to the version of the statute in effect at the time of Lime's offense.

[2] I.C. § 35-43-1-2. Lime was convicted of Criminal Mischief for having thrown a boot into the windshield of Brooks's vehicle. He does not contest this conviction.

# Discussion and Decision

[5] In order to convict Lime of Domestic Battery, as a Class D felony, as charged, the State was required to prove beyond a reasonable doubt that Lime knowingly touched Brooks, with whom he had a child in common, in a rude, insolent, or angry manner, that resulted in bodily injury to Brooks, and that the offense was committed in the presence of A.L., a child less than 16 years of age, knowing that the child was present and might be able to see or hear the offense. I.C. § 35-42-2-1.3; App. at 9. Lime contends only that the State failed to present evidence that Brooks suffered a bodily injury, because she testified to a lack of pain and because red marks on the skin may be present without impairment of physical function.

[6] When reviewing a claim of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses, but will consider only the probative evidence and reasonable inferences supporting the judgment. *Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007). We will affirm the conviction unless no reasonable trier of fact could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[7] Indiana Code Section 35-31.5-2-29 defines "bodily injury" to mean "any impairment of physical condition, including physical pain." Brooks testified that Lime had briefly choked her, and that she "couldn't breathe for a moment," gasped for air, and was temporarily unable to talk. (Tr. at 22.) From this evidence, a reasonable fact-finder could conclude that Brooks's physical

condition was impaired and thus she sustained bodily injury. Lime's focus upon Brooks's testimony that she did not experience pain is an invitation to reweigh the evidence, which we will not do. *Sargent*, 875 N.E.2d at 767.

# Conclusion

[8] Sufficient evidence supports Lime's conviction for Domestic Battery.

[9] Affirmed.

Vaidik, C.J., and Crone, J., concur.