## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 28 2016, 9:04 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stacy Robey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 28, 2016

Court of Appeals Case No.
49A02-1510-CR-1541

Appeal from the Marion Superior Court

The Honorable Barbara Crawford, Judge

Trial Court Cause No.
49G09-1502-CM-05064

**Bailey, Judge.**

# Case Summary

Stacy Robey ("Robey") appeals her conviction of Theft, a Class A Misdemeanor.[1]  She challenges the conviction on the grounds of insufficient evidence.  We affirm.

# Facts and Procedural History

On October 22, 2014, Robey entered the Dollar General store located in Wanamaker, a neighborhood of Indianapolis.  She proceeded to the make-up section, where manager Penny Renollet ("Renollet") observed Robey placing make-up in her shopping basket indiscriminately, paying no attention to the color of the make-up.  (Tr. at 11)  Finding this action suspicious, Renollet decided to follow Robey around the store.  Robey placed several DVDs into her shopping basket before going down the bath aisle.  (Tr. at 12)

Renollet watched Robey from the adjacent toy aisle, where she was able to see her through the peg board separating the aisles.  (Tr. at 12)  Renollet saw Robey stuff the items from her shopping basket into her purse.  Renollet confronted Robey at the end of the aisle and asked her to come to the front of the store so Renollet could collect the items Robey had stuffed into her purse.  Robey complied with this request.

---

[1] Ind. Code § 35-43-4-2(a).

[4] Once at the front counter, Robey removed a crochet set from her purse and placed it into the basket. Renollet saw there were still DVDs and make-up in the purse, and she attempted to remove the items; however, Robey took the purse and ran out the front door, catching Renollet's hand in the strap and pulling her out of the store. (Tr. at 15) Once outside, the purse strap broke, and Robey took the purse, entered a car containing two men, and drove off. Robey made no attempt to pay for the make-up and DVDs in the purse.

[5] Aubrey Schell ("Schell"), an employee of the Dollar General, witnessed the conflict between Renollet and Robey and asked a customer to call law enforcement to the scene. Although Robey was able to escape the scene before law enforcement arrived, the detective was able to put together a photo array and show it to Renollet and Schell. Both Renollet and Schell independently identified Robey as the perpetrator. Renollet reviewed the security footage of the crime and estimated that Robey was able to steal merchandise valued between $50 and $100.

[6] Robey was arrested four months later on a separate offense. On February 12, 2015, based upon Renollet and Schell's previous identification, Robey was charged with two counts of Class A Misdemeanor Theft. On July 21, 2015, the first charge was dropped, and the trial court held a bench trial on the second count against Robey. The court found Robey guilty of Class A Misdemeanor Theft related to the October 22, 2014, incident. On September 8, 2015, the court entered a sentence of 365 days, with all 365 days suspended to probation. Robey appeals the conviction.

# Discussion and Decision

[7] Robey alleges the State presented insufficient evidence to support her conviction of Theft. When we review a claim of insufficient evidence, we consider only probative evidence and reasonable inferences supporting the judgment; if these allowed a reasonable trier of fact to find the defendant guilty, we will affirm. *Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007). We will reweigh neither the evidence nor the credibility of witnesses. *Id.*

[8] Robey claims that the State failed to prove any element of the Theft offense. A person commits Theft under Indiana law if that person "knowingly or intentionally exerts unauthorized control over property of another person[ ] with the intent to deprive the other person of any part of its value or use." I.C. § 35-43-4-2(a). The evidence supporting the conviction is as follows. Renollet saw Robey place make-up and DVDs into her purse from her shopping basket. When Renollet attempted to recover the items, Robey placed only one item back in the basket and ran off, even though Renollet could see a number of items remaining. Robey made no attempt to pay for the goods. After viewing security camera footage, Renollet estimated that Robey had deprived Dollar General of merchandise valued between $50 and $100. Additionally, both Renollet and Schell were able to identify Robey from a photo array. Schell also testified about her observations of the struggle between Renollet and Robey at the counter in the front of the store. There was sufficient evidence from which a reasonable finder of fact could conclude beyond a reasonable doubt that Robey committed Theft against Dollar General.

Affirmed.

Bradford, J., and Altice, J., concur.