# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 05 2016, 9:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey E. Kimmell
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kazie Sekou Cole, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 5, 2016 <br><br> Court of Appeals Case No. <br> 71A04-1604-CR-883 <br><br> Appeal from the <br> St. Joseph Superior Court <br><br> The Honorable <br> Elizabeth A. Hardtke, Magistrate <br><br> Trial Court Cause No. <br> 71D05-1508-CM-3019 |

**Kirsch, Judge.**

[1] Kazie Sekou Cole ("Cole") was convicted following a bench trial of battery resulting in bodily injury,[1] a Class A misdemeanor. Cole appeals, contending that the evidence was not sufficient to support his conviction.

[2] We affirm.

## Facts and Procedural History

[3] The facts most favorable to the verdict reveal that, in June 2015, Shanita Osborne ("Osborne") rented a room from Cole at his residence on Grant Street in South Bend, Indiana. On June 29, while Osborne was out of the house visiting her mother, a disconnection notice was placed on Cole's door, informing him that his electricity would be turned off due to an overdue account. Cole, believing that Osborne owed him money, called Osborne and arranged to meet her to discuss the matter. As agreed, Cole picked up Osborne and drove her back to the Grant Street residence. Osborne testified that the two had a "nice drive" and talked casually. *Tr.* at 6.

[4] At the residence, however, Cole's attitude changed. He locked the doors to the residence and told Osborne that she owed him money. Osborne denied that she owed Cole money and told him she was moving out. Cole grabbed Osborne's phones, and the two began to argue. Cole did not allow Osborne to leave the residence, and when Osborne reached to retrieve her phones, Cole punched her

---

[1] *See* Ind. Code § 35-42-2-1.

in the left eye with a closed fist. The punch caused Osborne "very much" pain and made her left eye bloodshot. *Id*. at 7-8, 15-16. The punch also left Osborne with a blackened left eye and a one-half inch cut under her eye, which bled onto her clothing. *Id*. at 8, 11, 19; *State's Exs*. 1, 2, 6, 7.

[5] Cole instructed Osborne to take a shower to wash off the blood and to put on fresh clothes, which she did. Osborne again asked Cole to return her phones so that she could leave the residence. Cole responded by taking money from Osborne's purse and telling her she had a smart mouth and "wasn't going anywhere." *Tr*. at 9. To prevent Osborne from leaving, Cole gave her two sleeping pills, hoping she would fall asleep. *Id*. Osborne initially refused to swallow them, but when Cole "started getting aggressive again," Osborne took the pills, lay down on the bed, and fell asleep. *Id*. at 9-10.

[6] Osborne awoke the next day, and discovering that Cole was at work, she called the police. Officer Devon Gilbert ("Officer Gilbert") of the South Bend Police Department responded to the scene. Officer Gilbert saw no evidence of a fight, but observed the cut under Osborne's left eye and noted that the corner of her left eye was bloodshot and swelling. *Id*. at 21-22. Osborne told Officer Gilbert that Cole punched her in the face with his fist. She also said that Cole kicked her, cursed at her, and said, "I told you what I was capable of." *Id*. at 26. Osborne showed Officer Gilbert her bloody clothing and the blood stains on a wrist brace she had been wearing. *Id*. at 22; *State's Exs*. 4, 7. Osborne identified Cole as her attacker. *Tr*. at 24.

[7] The State charged Cole with Class A misdemeanor battery. During the bench trial, Cole admitted that he and Osborne argued, but denied that he punched her. Cole testified that the two argued because Cole was evicting Osborne, and he would not allow Osborne to use his vehicle to find a new place to live. Cole suggested that Osborne had made up the story about being punched in the eye "because she was already planning to leave [Cole's] residence." *Id.* at 42-43. The trial court found Cole guilty, explaining, "I believe the [S]tate proved the case beyond a reasonable doubt. I find Ms. Osborne to be much more credible than you[,] combined with the corroborating photographs, her statements of events. I don't believe what you said was true or accurate, Mr. Cole." *Id*. at 48-49. The trial court imposed a 365-day executed sentence. Cole now appeals.

## Discussion and Decision

[8] Cole argues that there was insufficient evidence to support his conviction for battery resulting in bodily injury as a Class A misdemeanor. More precisely, he contends, "The State's evidence consists of Ms. Osborne's unsubstantiated testimony and photographic exhibits of injuries that could have been inflicted by anyone. Mr. Cole's denial of wrongdoing coupled with the indisputable facts that he was not present at the time of the report and the officer's failure to contact him for a statement give rise to reasonable doubt and show that Mr. Cole's conviction is based upon 'vague evidence.'" *Appellant's Br.* at 8.

[9] The deferential standard of review for sufficiency claims is well settled. In reviewing the sufficiency of evidence to support a conviction, we do not

reweigh the evidence or assess the credibility of the witnesses. *Pugh v. State*, 52 N.E.3d 955, 966 (Ind. Ct. App. 2016), *trans. denied*. We consider only the evidence most favorable to the verdict and the reasonable inferences that can be drawn from that evidence. *Id*. We also consider conflicting evidence in the light most favorable to the trial court's ruling. *Oster v. State*, 992 N.E.2d 871, 875 (Ind. Ct. App. 2013), *trans. denied*. "'If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed.'" *Holloway v. State*, 51 N.E.3d 376, 378 (Ind. Ct. App. 2016) (quoting *Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007)), *trans. denied.*

[10] In order to convict Cole of battery resulting in bodily injury, a Class A misdemeanor, the State was required to prove that he knowingly or intentionally touched Osborne in a rude, insolent, or angry manner that resulted in bodily injury to Osborne. Ind. Code § 35-42-2-1. Cole challenges only the determination that he was the one who committed the battery. The facts most favorable to the conviction establish that Osborne rented a room from Cole. *Tr.* at 5, 7. On June 29, 2015, a notice was placed on Cole's door informing him that his electric service would be shut off due to nonpayment of his account. *Id*. at 6, 7. Cole, believing that Osborne owed him money, arranged to meet with her. Osborne testified that she and Cole got into an argument about the money and that the argument escalated. *Id*. Cole grabbed Osborne's phones, and when she tried to retrieve them, Cole punched her in the eye. *Id*. at 7-8. Osborne testified that the punch hurt her "[v]ery much," and

she sustained injuries including a bloodshot and swollen left eye with a half-inch cut underneath. *Id*. at 8. Because the gash under Osborne's eye bled onto her clothing, Cole ordered her to shower and change her clothes, which Osborne did. *Id*. at 8-9. Officer Gilbert testified that, upon arriving at the residence, he noted that Osborne had a bloodshot and swollen left eye with a cut under it. *Id*. at 21-22. Osborne showed the officer the blood stains on both her clothes and her wrist brace. *Id*. at 22. Cole testified that he and Osborne did not fight about money; instead, the argument was about Cole's intent to evict Osborne. *Id*. at 36-37. Cole testified that he did not cause any of the injuries on Osborne's face. *Id*. at 35. The trial court convicted Cole, stating that it did not find him credible.

[11] Cole claims that Osborne's testimony was unsubstantiated, and therefore, his conviction was improperly based on "vague evidence." *Appellant's Br.* at 8. We disagree. Our Supreme Court has said, "A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim." *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Therefore, Osborne's testimony alone was sufficient to support Cole's conviction. There was, however, the additional evidence of the State's exhibits and the testimony of Officer Gilbert. Additionally, because Cole testified, this allowed the trial court to judge his credibility. It is the factfinder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Hape v. State*, 903 N.E.2d 977, 997 (Ind. Ct. App. 2009), *trans. denied*. The trial court had the opportunity to consider Cole's

evidence and either accept or reject it, and we do not review its determination on appeal. We, therefore, conclude that the State presented sufficient evidence to support Cole's conviction for Class A misdemeanor battery.

[12] Affirmed.

[13] May, J., and Crone, J., concur.