## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 13 2017, 10:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jordan L. Gosnell, *Appellant-Defendant,* | October 13, 2017 |
| | Court of Appeals Case No. 84A01-1702-CR-365 |
| v. | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable John T. Roach, Judge |
| | Trial Court Cause No. 84D01-1602-F1-414 |

**Baker, Judge.**

[1] Jordan Gosnell appeals his conviction for one count of Level 3 Felony Aggravated Battery.[1]  Gosnell argues that the sentence imposed by the trial court was erroneous and inappropriate in light of the nature of the offense and his character.  Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] Gosnell was seventeen years old on the night in question.  Early in the morning of February 6, 2016, Gosnell and two friends were breaking into cars in Terre Haute.  Before the break-ins, he had consumed a half-gallon of vodka and taken ten to fifteen Klonopin pills for which he had no prescription.  Gosnell was armed with a knife that he was using to break into cars.

[3] Lester Hamilton and his wife, Ciara, were alerted by their dog's barks.  While checking on the dog, Lester discovered Gosnell in the process of breaking into a neighbor's car.  Gosnell and his friends ran away, but Lester followed them while Ciara called 911.  After Lester caught up to Gosnell, Gosnell yelled for help from his friends and one of them punched Lester.  Gosnell then jumped on Lester's back and stabbed Lester several times with the knife.  By this point, Ciara had caught up with Lester and she pulled Gosnell off her husband's back.

---

[1] Ind. Code § 35-42-2-1.5.

Gosnell got back up and continued to stab Lester. Shortly thereafter, Gosnell and his friends "disappeared." Appellant's App. Vol. III p. 58.

[4] The Hamiltons returned home and Ciara attended to Lester's wounds. Before the police arrived, Gosnell, his friends, and three other individuals—including a fourteen-year-old girl—went to the Hamiltons' house and began to kick the back door. In response, Lester confronted the group, resulting in Gosnell stabbing Lester two more times. The group fled after they heard police sirens. Lester was taken to the hospital to receive treatment for a punctured liver and lung.

[5] Gosnell was arrested later that morning. While in police custody, Gosnell began to "yell and cuss" and continually hit "his head off the cage and bars in the car." *Id.* at 52. He threatened to batter/kill several officers, and officers were compelled to place a "spit shield" on Gosnell "for the protection of Officers." *Id.* Gosnell claimed to be part of a gang and referred to officers and Lester as "Bitch ass n***as" and "that n***a," respectively. *Id.* at 8, 52. Officers also noted that Gosnell's breath smelled like alcohol, he slurred his speech, he had bloodshot eyes, and he urinated on himself while speaking to officers at police headquarters.

[6] On February 10, 2016, the State charged Gosnell with one count of attempted murder, one count of battery by means of a deadly weapon, and five counts of intimidation. On November 3, 2016, the parties entered into a plea agreement and on December 14, 2016, Gosnell pleaded guilty to an amended count of

Level 3 felony aggravated battery. Under the plea agreement, the State agreed to dismiss all remaining charges and to cap the sentence at twelve years. On January 4, 2017, the trial court imposed an eleven-year sentence, with five years suspended to probation. The trial court also ordered "purposeful incarceration in the CLIFF program," and was open to modification under certain circumstances. Appellant's App. Vol. II p. 15. Gosnell now appeals.

# Discussion and Decision

## I. Aggravating Factors

First, Gosnell argues that the trial court erred in its consideration of aggravators. A trial court may err in the sentencing process if it finds "aggravating or mitigating circumstances unsupported by the record, omitting aggravating or mitigating circumstances clearly supported by the record, or noting reasons for imposing a given sentence that are improper considerations as a matter of law." *Blair v. State*, 62 N.E.3d 424, 429 (Ind. Ct. App. 2016).

In the present case, the trial court found four aggravating factors: (1) Gosnell's history of criminal/delinquent behavior; (2) Gosnell committed a crime of violence in the presence of a person under the age of eighteen; (3) Gosnell was on probation when he committed the crime; and (4) the nature and circumstances of the crime. The trial court found no mitigating factors. Gosnell contends that the trial court erred in its consideration of all the aggravators and in allegedly finding other improper aggravators.

[9] With respect to his criminal history, since 2014, Gosnell has been adjudicated delinquent twice for theft, once for resisting law enforcement, and once for being a runaway. Gosnell's argument here amounts to an invitation to reweigh this factor, which we may not do. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) (noting that trial courts are no longer under an obligation to "weigh aggravating and mitigating factors against each other" and a trial court cannot be found to err for failing to "properly weigh" these factors). The trial court did not err by finding Gosnell's criminal history to be an aggravator.

[10] With respect to the commission of a crime of violence in the presence of a non-victim under the age of eighteen, Gosnell argues that this statutory factor should be limited to crimes where children might be emotionally impacted, such as sexual assault and child abuse; however, he cites no controlling authority, nor do we find any. Aggravated battery is a statutory "crime of violence," Ind. Code § 35-50-1-2, and Gosnell concedes that he committed the crime in the presence of a fourteen-year-old; therefore, we find no error.

[11] Gosnell next argues that the trial court erred in finding that he committed the instant offense while on probation. The presentence investigation report (PSI) indicates that Gosnell was arrested on December 7, 2014, for being a runaway and on August 25, 2015, for pushing a stolen moped down the road. Appellant's App. Vol. III p. 20. The PSI states that Gosnell was "[c]urrently on probation" when he was arrested with the moped, but there is no adjudication date or disposition date for either offense and it is unclear how long his probation for either offense lasted. Further, the PSI listed "No" under the

section of the instant offense where it states "On Probation/Parole at Offense." *Id.* at 18.

[12] Assuming solely for argument's sake that the trial court erred in the consideration of this factor, we cannot say that Gosnell would be entitled to resentencing. *See, e.g.*, *Sargent v. State*, 875 N.E.2d 762, 769 (Ind. Ct. App. 2007) ("If the factors are not supported by the record . . . then remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record."). The other aggravating factors were properly considered and any one of those factors could have been used to support Gosnell's sentence. *E.g.*, *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016) (affirming sentence, despite consideration of an improper aggravator, when other aggravators were properly considered). We decline to reverse on this basis.

[13] Next, Gosnell argues that the trial court improperly considered the nature and circumstances of the crime as an aggravating factor because they were elements of the offense of aggravated battery. *See McElroy v. State*, 865 N.E.2d 584, 589-90 (Ind. 2007) (noting that a material element of a crime may not constitute an aggravating factor to support a sentence though "'the trial court may properly consider the particularized circumstances of the factual elements as aggravating factors'" (quoting *McCarthy v. State*, 749 N.E.2d 528, 539 (Ind. 2001))). Specifically, the trial court described the offense as "horrendous," "vicious," "savage," and "brutal." Tr. Vol. III p. 5-6. To convict Gosnell of Level 3

felony aggravated battery, the State was required to prove beyond a reasonable doubt that Gosnell knowingly or intentionally inflicted an injury on Lester that created a substantial risk of death. I.C. § 35-42-2-1.5. The trial court detailed the reasons why it found the nature and circumstances of this crime to be egregious, including: (1) Gosnell attacked Lester twice, stabbing him several times during each incident; (2) Gosnell was under the influence of significant quantities of drugs and alcohol; and (3) the offense occurred in the context of an "escalating pattern" of automotive-related thefts. Tr. Vol. III p. 5. The circumstances were clearly distinct from the material elements; therefore, the trial court did not err in this regard. *See, e.g.*, *Wooley v. State*, 716 N.E.2d 919, 930 (Ind. 1999) (holding that defendant's repeated blows to victim, prior to stabbing him, properly supported the trial court using the nature and circumstances aggravator).

[14] Finally, Gosnell contends that the trial court erred in several other respects. First, Gosnell contends that the trial court found his drug and alcohol use to be an aggravator. At the sentencing hearing, the trial court stated:

> [I]n addition, the Court finds, as non-statutory aggravating factors, the nature and circumstances of this crime. This was a horrendous and vicious and savage attack that took place not only once, but a second time . . . . Um, this is an escalating pattern with you. [I am] not sure how many other times you were car-hopping before this incident, but you have, at least, two (2) other prior convictions for auto theft and stealing a moped . . . . Um, the amount of drugs and alcohol you had in your system . . . I don't know how you were up right [sic], quite frankly.

Tr. Vol. III p. 5. It is apparent that the trial court only considered his drug and alcohol use when it was discussing the nature and the circumstances of the crime—not as an independent aggravator. Therefore, we find no error.

[15] Next, Gosnell argues that the trial court erroneously found two additional aggravators: (1) the imposition of a reduced sentence would depreciate the severity of the crime, and (2) his parents' behavior. Gosnell requested a fully suspended sentence. Tr. Vol. II p. 50-51. At the sentencing hearing, the trial court stated:

> [A] placement in your parent's [sic] home is not viable. I mean, your dad pulls you out of school because you're falling asleep. That, to me, seems pretty extreme . . . . It doesn't appear to me, from the records, that there was a whole lot of time spent with mom's supervision in any event, who didn't have a whole lot of control over your alcohol and drug use . . . . Um, I think to give you anything less than I'm going to give you today would diminish the seriousness of this offense, quite frankly.

Tr. Vol. III p. 5-6. It is clear that the trial court only made these statements to explain why the court considered it inappropriate to release him into his parents' custody on a fully suspended sentence. Therefore, we find no error.

[16] Lastly, Gosnell contends that his apology and plea were used as independent aggravators. During the sentencing hearing, when explaining why it found no mitigating factors, the trial court stated:

> I think your remorse in this case is that you got caught, and . . . [while] you entered a plea; I think you got significant benefit [sic] from entering that plea, including the modification of the, the

> most serious charge in this case, and the dismissal of the other
> . . . cases.

*Id.* at 7.  It is apparent that the trial court was not utilizing its disbelief in the sincerity of Gosnell's remorse or his guilty plea as aggravators—only as reasons to decline to find them to be mitigators.  We decline to reverse for this reason.

# II. Appropriateness

[17]  Finally, Gosnell argues that the sentence is inappropriate in light of the nature of the offense and his character.  Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender.  We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ."  *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).  Our Supreme Court has cautioned that "[a] defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness," and that following such an agreement, we should grant relief "only in the most rare, exceptional cases."  *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006) (Dickson, J., concurring).

[18]     Here, Gosnell pleaded guilty to a Level 3 felony.  A Level 3 felony is eligible for a sentence between three and sixteen years, with an advisory term of nine years.  I.C. § 35-50-2-5.  The plea agreement capped the executed portion of Gosnell's term at twelve years.  He received an eleven-year term, with five years suspended to probation.

[19]     As to the nature of the offense, Gosnell committed this offense in the midst of a crime spree.  He willingly acted in concert with a group of at least five other individuals—including a fourteen-year-old.  We observe that he had at least three chances to retreat:  (1) when he called his friends for help; (2) after Ciara pulled him off Lester's back; and (3) when he and his friends returned to the Hamiltons' residence.  Instead of safely retreating, Gosnell repeatedly and viciously stabbed Lester, whose injuries were so severe that he required treatment at a hospital.

[20]     As to Gosnell's character, we note, as did the trial court, his young age at the time he committed this offense.  But we also note that at the time of this offense, Gosnell had been adjudicated delinquent twice for theft, once for resisting law enforcement, and once for being a runaway; two of these adjudications would have been felonies had he been convicted as an adult.  All adjudications and arrests occurred within a relatively compressed period—two years—immediately prior to the instant offense.  While this is Gosnell's first violent offense, the offense was committed while breaking into cars, demonstrating that he has not learned anything from his prior adjudications for theft.  Gosnell was also hostile while in custody:  he needed to be restrained

with a spit shield, he used racial epithets toward the victim and officers, and he threatened to batter and kill several officers.

[21] Although he pleaded guilty, he received a substantial benefit—the dismissal of six charges, including Level 1 felony attempted murder. *See, e.g.*, *Payne v. State*, 838 N.E.2d 503, 509 (Ind. Ct. App. 2005) (noting that a guilty plea can demonstrate a defendant's acceptance of responsibility but that pleading guilty in exchange for the dismissal of several serious charges can lessen its mitigating weight). In addition, although he did apologize, Gosnell largely blamed his behavior on his drug and alcohol use and did not appear to take any real responsibility for his actions. While some of his behavior may be attributable to his substance use, he voluntarily ingested those substances. *See Smith v. State*, 929 N.E.2d 255, 260 (Ind. Ct. App. 2010) (affirming defendant's sentence after observing that defendant's "poor decision-making" during offenses was due to "voluntary intoxication on drugs"). Gosnell's age, his voluntary intoxication, and his self-serving apology have not diminished the senselessness of this crime, nor do they justify a reduction to his sentence, of which only six years are executed—five years less than the executed sentence cap to which he agreed.

[22] In sum, we do not find the sentence imposed by the trial court to be inappropriate in light of the nature of the offense or Gosnell's character.

[23] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.